# Staunton

## Rose v. Commonwealth.

### September 7, 1914.

1. Criminal Law—*Indictment—Several Counts—Demurrer to Whole.*
   If an indictment contains more than one count, a demurrer to
   the indictment as a whole must be overruled if there is any
   good count in it.

2. Criminal Law—*Verdict—Guilty as to One Count, Silence as to
   Others.*—A verdict of guilty on one count of an indictment
   saying nothing as to other counts is an acquittal of the latter.

3. Criminal Law—*Statutory Offense—How Indicted.*—An indictment
   upon a statute should state all the circumstances which consti-
   tute the definition of the offense in the act, so as to bring the
   accused precisely within it.

4. Criminal Law—*Bribing Voters—Indictment—Sufficiency—Infer-
   ences—Code, Section 145a.*—An indictment under section 145a
   of the Code (1904) (forbidding certain acts for the purpose of
   influencing voters at elections or certain expenditures in their
   behalf) is not sufficient when it does not contain any aver-
   ment that the things the accused was charged with doing were
   done for the purpose of influencing a voter or voters in behalf
   of the designated candidate for office, nor that they were done
   for him as a candidate for office. Even if it may be inferred
   that the acts were done in his behalf, it would not be sufficient,
   for an inference from facts alleged can never supply a total
   want of averment of an essential part or element of the of-
   fense.

5. Criminal Law—*Indictment—Sufficiency—No Offense Charged.*—
   Where the facts stated in an indictment may all be true and
   still the accused not guilty of the offense intended to be
   charged against him, he cannot be convicted.

6. Appeal and Error—*Indictment—No Offense Charged—Arrest of
   Judgment.*—Where no offense is charged in the indictment, the
   appellate court will reverse the judgment against the accused,
   though no motion in arrest of judgment was made in the
   trial court.

7. APPEAL AND ERROR—*Indictment Charging no Offense—Evidence—Judgment.*—Where no offense is charged in an indictment, this court cannot look to the evidence to see whether the offense intended to be charged has been proved, but must render judgmnt in favor of the accused.

8. APPEAL AND ERROR—*Indictment Charging no Offense—Judgment.*—Where an accused has been convicted· on an indictment which charges no offense, this court, on reversing the judgment of the trial court, will render judgment in favor of the accused *non obstante veredicto.*

Error to a judgment of the Circuit Court· of Wise county.

*Reversed.*

The opinion states the case.

*Chase & Daugherty,* for the plaintiff in error.

*John Garland Pollard, Attorney-General* and *C. B. Garnett, Assistant Attorney-General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned in this case is to the action of the court in overruling the demurrer of the accused to the indictment upon which he was tried.

There are two counts in the indictment, one for the violation of section 3853 of the Code, and in the other the offense intended to be charged was one of those created by section 145a of Pollard's Code. It is not claimed by the accused that the first count is not sufficient; his objection applies solely to the second count.

The demurrer being general or to the entire indictment, and not to each count, the court did not err in overruling the demurrer, even if the second count be bad; for it is well established that such a demurrer must be

overruled if there be one good count in the indictment. *Hendrick's Case,* 75 Va. 934.

Upon the trial the jury found the accused guilty as charged in the second count, and said nothing as to the first. The effect of this finding was to acquit him of the offense charged in the first count. *Stuart's Case,* 28 Gratt. (69 Va.) 953 and cases cited.

The first and second subdivisions of section 145a of Pollard's Code provide:

"(1) No candidate for congress, or for either house of the general assembly of Virginia, or any State, county, district, or municipal office, shall expend, pay, promise, loan, or become pecuniarily liable in any way for any money or other valuable thing to influence voters in his behalf, or permit the same to be so used, with his knowledge and consent, by his friends or adherents in any election, primary or nominating convention; provided, however, that no expenditure made by any candidate or his adherents and friends for the purpose of printing or advertising in some newspapers, or in securing suitable halls for public speaking at a reasonable price, shall be deemed illegal.

"(2) That no person shall expend, pay, promise, loan, or become pecuniarily liable in any way for, any money or other valuable thing in behalf of any candidate for office at any election, primary or nominating convention held in this Commonwealth. Any person or candidate violating any of the provisions of this or the preceding section of this act shall be subject to a fine of not less than one hundred nor more than one thousand dollars, or confined in jail not less than one nor more than twelve months."

The object of the provisions quoted was to prevent a candidate for any of the offices mentioned, and other persons, from using money, credit or other thing of

value to influence voters in behalf of such candidate. A necessary element or ingredient of the offenses created by those provisions is that the money, credit, or other thing of value used must be used to influence a voter or voters in behalf of such candidate. This being so, an indictment for either of the offenses created by the provisions quoted should so aver; for an indictment upon a statute should state all the circumstances which constitute the definition of the offense in the act, so as to bring the accused precisely within it. *Hampton's Case,* 3 Gratt. (44 Va.) 590; *Bailey's Case,* 78 Va. 19, 21, and cases cited.

The second count, that upon which the jury based their verdict, states that the accused ''did on behalf of one G. F. Kiser, who was then and there a candidate for the office of sheriff of Dickenson county, Virginia, at an election to be held in the said county on the 7th day of November, in the year 1911, expend, promise, pay, loan and become pecuniarily liable for moneys and other valuable things to various persons whose names are to the grand jurors unknown.'' It not only does not contain any averment that the things the accused was charged with doing were done for the purpose of influencing a voter or voters in behalf of Kiser as a candidate, but it is not even averred that the things which it is stated the accused did were done for him as a candidate for office. It merely states that they were done in his behalf at a time and in the county in which he was a candidate for the office of sheriff. It may, perhaps, be inferred from the averments of the count that the acts which it is averred the accused did were done in Kiser's behalf as a candidate for office, but even if this were so it would not be sufficient; for an inference from facts alleged can never supply a total want of averment of an essential part or element of the offense. *Pea's Case,* 2 Gratt.

(43 Va.) 629, 634; *Broyle's Case,* 14 Gratt. (55 Va.) 674-675.

The facts stated in the second count may all be true and still the accused not be guilty of the offense intended to be charged against him. When this is the case, it is well settled that the accused cannot be lawfully convicted of such offense. *Young's Case,* 15 Gratt. (56 Va.) 664, 666; *Old's Case,* 18 Gratt. (59 Va.) 915, 931; *Boyenton's Case,* 114 Va. 841, 849, 76 S. E. 945, and cases cited.

It is further settled that where no offense is charged the appellate court will reverse the judgment against the accused, though no motion in arrest of judgment was made in the trial court. *Old's Case,* 18 Gratt. (59 Va.) 915; *Mathews' Case, Id.* 989, 999.

No offense being charged in the second count, this court cannot look to the evidence to see whether the offense intended to be charged has been proved, but must render judgment in favor of the accused. *Old's Case,* 18 Gratt. (59 Va.) 915, 931; 1 Bishop's Cr. Pro. (2nd ed.) sec. 1010.

The judgment must be reversed, and this court will render judgment in favor of the accused *non obstante veredicto.*

*Reversed.*