## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### WILKERSON V. COMMONWEALTH.

#### March 21, 1918.

1. INTOXICATING LIQUORS—*Indictment and Information—Constitutional Law.*—An indictment for offenses under the prohibition act (Acts 1916, page 215) was in substance as follows, that the accused, "within one year next prior to the finding of this indictment, and subsequent to the first day of November, 1916, in said city of Norfolk, did unlawfully manufacture, sell, offer, keep, store and expose for sale, give away, dispense, solicit, advertise and receive orders for ardent spirits, against the peace and dignity of the Commonwealth of Virginia." The indictment was demurred to on the grounds that it was violative of section 8, Article 1, of the Constitution of Virginia, and section 1, Article 14, of the Constitution of the United States, because, with respect to the former, it does not sufficiently inform the defendant of the cause and nature of the accusation against her; and with regard to the latter (in addition to the first ground) that a conviction under it would deprive her of her liberty and property without due process of law.

   *Held:* That the indictment was not invalid for these reasons.
2. INDICTMENT AND INFORMATION—*Bill of Particulars.*—The indictment, of course, must charge the offense, and if it fails to give the information necessary to enable the defendant to concert his defense, such information may be supplied by bill of particulars. A bill of particulars may supply the fault of generality or uncertainty, but not the omission of an essential averment of the indictment.
3. APPEAL AND ERROR—*Criminal Law—Verdict Contrary to the Evidence—Evidence not Before Appellate Court.*—Where neither the evidence introduced on the trial nor the facts proved are before the Supreme Court of Appeals, either by bill of exceptions or other certification, an objection that the verdict is contrary to the evidence cannot be considered by that court.

Error to a judgment of the Corporation Court of city of Norfolk.

*Affirmed.*

The opinion states the case.

*Daniel Coleman,* for the plaintiff in error.

*Attorney-General J. D. Hank, Jr.,* and *Leon M. Bazile,* for the Commonwealth.

WHITTLE, P., delivered the opinion of the court.

The general form of indictment for offenses under the prohibition act (Acts 1916, page 215) is given in section 7, and in this case the indictment, in substance, is as follows: "* * * that Laura Wilkerson, within one year next prior to the finding of this indictment, and subsequent to the first day of November, 1916, in said city of Norfolk, did unlawfully manufacture, sell, offer, keep, store and expose for sale, give away, dispense, solicit, advertise and receive orders for ardent spirits, against the peace and dignity of the Commonwealth of Virginia."

Plaintiff in error was tried upon that indictment, and a writ of error was awarded to a judgment, in accordance with the verdict of the jury, imposing upon her a fine of $50.00, and imprisonment in jail for one month.

There are two assignments of error: 1. The first assignment relates to the action of the court in overruling the demurrer to the indictment. The grounds of demurrer are, that the indictment is violative of section 8, Article 1, of the Constitution of Virginia, and section 1, Article 14, of the Constitution of the United States, because, with respect to the former, it does not sufficiently inform the defendant of the cause and nature of the accusation against her; and with regard to the latter (in addition to the first ground) that a conviction under it would deprive her of her liberty and property without due process of law.

In *Pine and Scott* v. *Commonwealth,* 121 Va. 812, 93 S.

E. 652, in an opinion handed down by this court on September 20, 1917, the sufficiency of a similar indictment, objected to upon constitutional grounds, was drawn in question and sustained. Burks, J., after an exhaustive review of the authorities (at pages 592-3), says: "The indictment, of course, must charge the offense, and if it fails to give the information necessary to enable the defendant to concert his defense, such information may be supplied by bill of particulars. A bill of particulars may supply the fault of generality or uncertainty, but not the omission of an essential averment of the indictment. Such being the function of the bill of particulars, it is readily observed that by giving an absolute right to demand it, the indictment may be greatly simplified, as is done in the present instance, and at the same time no injury or injustice be done to the accused."

2. The second assignment relates to the overruling of the petitioner's motion to set aside the verdict and grant her a new trial on the ground that it was contrary to the law and the evidence.

So much of the motion as relates to the law of the case has already been disposed of; and since neither the evidence introduced on the trial nor the facts proved are before us, either by bill of exceptions or other certification, the latter objection cannot be considered. Burks' Pl. & Pr., sec. 289-a, pp. 18-19.

*Judgment affirmed.*