𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## WILL LOWRY V. COMMONWEALTH.

### January 19, 1922.

#### Absent, Saunders, J.

1. INTOXICATING LIQUORS—*Indictment in Omnibus Form—General Verdict.*—A general verdict of guilty under an indictment for violation of the prohibition law in the omnibus form, prescribed by chapter 388 of the Acts of 1918, is not insufficient in that it does not say on which charge the accused is guilty.

2. INTOXICATING LIQUORS—*Prohibition Act—Prohibition Act not Superseded by Volstead Act.*—The State prohibition law is not superseded by the Volstead act.

3. CRUEL AND UNUSUAL PUNISHMENT—*Imprisonment and Fine for Violation of the Prohibition Act.*—Six months in jail and a fine of $500 for violation of the prohibition act does not constitute cruel and unusual punishment.

Error to a judgment of the Circuit Court of Norfolk county.

*Affirmed.*

The indictment in this case is for violation of the prohibition law, and is in the omnibus form prescribed by chapter 388 of the Acts of 1918. There was a trial by jury and a verdict and judgment accordingly, finding the accused guilty and fixing his punishment at six months in jail and a fine of $500.

*Daniel Coleman,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

There are but three assignments of error, presenting questions which have been all fully considered and are settled in this court.

[1] The first assignment of error is that "the indictment being for many offenses, and the verdict being general, does not say on which charge (the accused) is guilty."

There is no merit in this assignment. See *Pine & Scott* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652; *Wilkerson* v. *Commonwealth,* 122 Va. 920, 95 S. E. 388; *Hunt* v. *Commonwealth,* 126 Va. 815, 101 S. E. 896; *Hitt* v. *Commonwealth,* 131 Va. 752, 109 S. E. 597.

[2] The second assignment of error is that the court below had "no jurisdiction to try this case because the prohibition law is superseded by United States statute, known as the 'Volstead act' (41 Stat. 305), and passed by the Congress of the United States."

This subject was fully considered in *Allen* v. *Commonwealth,* 129 Va. 723, 105 S. E. 589, and the conclusion reached, which is contrary to the position taken in this assignment of error. No reason is stated why we should reach a different conclusion, and we know of none. That conclusion is, therefore, adhered to.

[3] The third and only remaining assignment of error is that "the punishment pronounced is cruel and unusual and is in violation of the Constitution of Virginia."

No reason is presented in support of this assignment of error. There is no merit in this assignment. See *Bracy's Case,* 119 Va. 867, 89 S. E. 144; *Hart's Case,* 131 Va. 726, 109 S. E. 582.

The case is affirmed.

*Affirmed.*