# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

JOSEPH LIVINGSTON v. COMMONWEALTH OF VIRGINIA.

January 14, 1946.

Record No. 3041.

Present, All the Justices.

The opinion states the case.

*Vivian L. Page* and *Ivor A. Page, Jr.*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *V. P. Randolph, Jr., Assistant Attorney General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Joseph Livingston was indicted for offering a bribe to a police officer under Code, sec. 4496 (Michie), was found guilty, and his punishment fixed at two years in the penitentiary. A judgment was entered upon the verdict which is now the subject of review.

The facts disclose that on February 10, 1945, in the city of Norfolk, H. L. Helvin and E. D. Littlejohn, members of the Norfolk police force, went to a restaurant on Granby street operated by Joseph Livingston, the accused. This restaurant was also being operated as a club. The officers went there for the purpose of searching for illegal whiskey, and they had a search warrant in their possession for the premises. In the back of the premises they saw two cases of whiskey, and Officer Littlejohn found inside the kitchen of the accused a small pantry or storeroom, the door of which was open. The accused slammed the door and locked it, whereupon Officer Littlejohn told him to open the door, which he at first refused to do. While in the kitchen the accused made this remark to Officer Littlejohn: "This is going to ruin me. I have got every nickel I have tied up here. Can't we settle this here?", to which Officer Littlejohn replied, "No". In a few minutes Officer Helvin came in and the accused said, "Let me talk to that man there," (speaking of Officer Helvin), and then the accused said to Officer Helvin "Let me speak to you, please." He and Officer Helvin stepped back a short distance but not entirely out of the presence of Officer Littlejohn. Officer Littlejohn heard Officer Helvin say, "Hell, no, and that will be another charge against you." According to Officer Helvin, the accused had called him over to the front part of the building where he asked the accused what he had in the storeroom, and told him to open the lock to the door and let him see what was in there. The accused replied,

"My God, if you go in there you will ruin me. I have got everything I have got invested in the stuff I have got in there." Officer Helvin demanded the key and the accused refused, whereupon Officer Helvin stated that he would break the lock and he began to do so when the accused said to Officer Helvin: "I will give you $50 not to go in there, and to take the officer out of the building." As Officer Helvin started to knock the lock off, the accused opened the door himself and the officer found 14 or 15 cases of whiskey in the storage room.

The accused, through his counsel, moved the court in arrest of judgment for alleged errors apparent on the face of the record. This motion was overruled and final judgment was entered upon the verdict.

Code, sec. 4496 (Michie), under which this prosecution was had, reads as follows:

"If any person corruptly give, offer, or promise to any executive, legislative, or judicial officer, or to any candidate for such office, and either before or after he shall have qualified, or shall have taken his seat, any gift or gratuity, with intent to influence his act, vote, opinion, decision, or judgment on any matter, question, cause or proceeding, which is or may be then pending, or may by law come or be brought before him in his official capacity, he shall, upon conviction, be confined in the penitentiary not less than one nor more than ten years. This section shall also apply to a resident of this State who, while temporarily absent therefrom for that purpose, shall make such gift, offer or promise, and thereafter return to this State."

The indictment upon which the prosecution was based reads as follows:

"The grand jurors of the Commonwealth of Virginia in and for the body of the City of Norfolk and now attending the said court at its March term, 1945, upon their oaths present that Joseph Livingston on the 10th day of February in the year 1945, in the said City of Norfolk feloniously did corruptly offer to H. L. Helvin, a police officer of the City of Norfolk, Virginia, to-wit, $50.00 of United States

Currency, of the value of, to-wit, $50.00, with intent to influence the acts of the said H. L. Helvin, as such police officer in the performance of his duties in his official capacity as such police officer against the peace and dignity of the Commonwealth of Virginia."

The position of the accused is that the indictment charged no offense and was of no effect whatever because it did not follow precisely the express language of the statute (Code, sec. 4496); that it failed to embrace all of the circumstances which constitute the definition of the statutory offense of bribery; that it failed to state that the accused had knowledge of the official character of the person to whom the bribe was offered; that the statute itself is defective and invalid because it does not set forth the essentials of the crime of bribery, and that it does not provide that the accused must have knowledge of the official character of the person to whom the bribe is offered.

The accused interposed no demurrer to the indictment, he requested no bill of particulars, no objection whatever was made by him to the form of the indictment until after he had been convicted. He then made a motion in arrest of judgment and, for the first time, made known to the court his objections to the indictment. He contends that he was not too late in raising the question upon a motion in arrest of judgment because the indictment is so fatally defective that it is of no effect. For this reason he contends that he has the right to urge the objection at any time.

If a demurrer had been filed to test the sufficiency of the indictment the court most likely would have allowed an amendment to it under Code, sec. 4877 (Michie), provided the amendment would not have changed the character of the offense. If the indictment might have been amended it was not an invalid indictment. An amendment also might have been allowed under Code, sec. 4878 (Michie), if it had been sought by the accused. The policy of the legislature is to have criminal cases tried on their merits as far as possible, and to ignore mere formal defects. This is the purpose of the liberal provisions for amendment pro-

vided by the statutes, sections 4876, 4877, and 4878. These sections allow the court to make such changes by way of amendment as it may deem proper to the end that technicalities may be eliminated. They also authorize other changes which might arise out of a variance between the allegations and the proof, provided such changes do not change the nature of the offense charged. Even indictments which are fatally defective may be amended under these sections if such amendment is made at the proper time. *Farewell* v. *Commonwealth*, 167 Va. 475, 189 S. E. 321.

Code, sec. 4878 providing for amendments to indictments for treason or felony is remedial and should be construed liberally to correct the evil at which it is directed and to promote the remedy thereby provided. The legislative intent is to simplify criminal procedure. A narrow construction of the statute would defeat its wise purpose. *Sullivan* v. *Commonwealth*, 157 Va. 867, 161 S. E. 297.

The manifest purpose of this section (4878) is to allow amendments which avoid unnecessary delays and further the ends of justice, without prejudice to the substantial right of the accused to be informed of the accusation and to one fair trial on the merits. *Sullivan* v. *Commonwealth, supra.* In accordance with this policy, it has been held that an indictment for rape, which failed to charge that it was committed on a female, as required by the statute (sec. 4414), was good. Likewise an indictment for seduction, which did not charge that the female was of "previous chaste character," was held to be made sufficient by an amendment supplying those words. *Sink* v. *Commonwealth*, 152 Va. 1002, 147 S. E. 231.

In the last mentioned case the court also held that while it is dangerous to charge a statutory offense in words different from those used in the statute, it is nevertheless well settled that it is unnecessary in an indictment under a statute to use the precise language thereof in describing the offense, if the words used are equivalent to those used in the statute. Numerous cases are cited for that proposition.

We will not undertake to analyze the many cases refer-

red to in the petition touching the sufficiency of indictments. In some jurisdictions courts have strictly construed the language of indictments and have sustained technical objections which affected no substantial right of an accused, while in other jurisdictions courts measure the sufficiency of indictments solely in relation to the substantial right of an accused guaranteed under the Constitution. An indictment is a technical instrument. For many years attempts have been made here and elsewhere to simplify the form of indictments. In Virginia we have what is denominated the "short form" of indictment for murder and manslaughter. See Code, sec. 4865 (Michie). That section also provides that any prosecutions for offenses against the Commonwealth, unless otherwise provided, shall be by presentment, indictment, or information, and that any form is sufficient which informs the accused of the nature and cause of the accusation against him.

In this jurisdiction there is no constitutional requirement that prosecutions for felony be by indictment. The requirement is merely statutory. See Code, sec. 4866. This requirement may be waived. See *Hanson* v. *Smyth*, 183 Va. 384, 32 S. E. (2d) 142.

Generally in most jurisdictions when an indictment identifies the charge against the accused so that his conviction or acquittal may prevent a subsequent charge for the same offense, and it notifies him of the nature and character of the crime charged against him, to the end that he may prepare his defense, and the court, when called upon, may be enabled, upon conviction, to pronounce a correct judgment, it is sufficient.

The Virginia statute, sec. 4865, is even more liberal, for its only requirement is that the indictment inform the accused of the nature and cause of the accusation against him. If an accused thinks that the indictment found against him is not sufficient he may enter a demurrer. Or if it is not sufficiently clear and specific as to facts he may ask for a bill of particulars which will give him the facts more specifically.

See Code, sec. 6091 (Michie); *Pine* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652, and *Wilkerson* v. *Commonwealth*, 122 Va. 920, 95 S. E. 388.

█ It is true the bill of particulars is not for the purpose of charging the offense. The indictment must do that. The accused cannot be tried upon a bill of particulars alone. However, the bill of particulars and the indictment must be read together. The function of the bill of particulars is to supply additional information concerning an accusation. The decisive consideration in each case is whether the matter claimed to be left out of the indictment has resulted in depriving an accused of a substantial right and subjects him to the danger of being tried upon a charge for which he has not been indicted.

█ A close reading of the statute, section 4496, and the indictment involved in this case, will disclose that the latter was sufficient when viewed in the light of the liberalizing statutes of jeofails. The variance between the statute and the indictment is that the latter left out the words "on any matter, question, cause or proceeding which is or may be then pending or may by law come or be brought before him in his official capacity." The words supplied are in substance equivalent to the omitted words of the statute. The supplied words are, "of the said H. L. Helvin as such police officer in the performance of his duties in his official capacity as such police officer, against the peace and dignity of the Commonwealth of Virginia."

It is inconceivable that the failure to include the omitted words of the statute in the indictment under such circumstances could have invaded the constitutional rights of the accused. If those rights have not been prejudiced no valid ground to file a motion in arrest of judgment is present, for Code, sec. 4879 (Michie), reads as follows:

"Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict, to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution."

Counsel for the accused places great reliance upon *Rose* v. *Commonwealth*, 116 Va. 1023, 82 S. E. 699, decided in 1914. That case undoubtedly holds that an indictment upon a statute should state all the circumstances which constitute the definition of the offense in the act so as to bring the accused precisely within it. It also is authority for the proposition that when no offense is charged in the indictment the appellate court will reverse the judgment against the accused even though no motion in arrest of judgment is made in the trial court.

The *Rose Case*, as previously stated, was decided in 1914, which was five years before the Code revision of 1919. At the time of the decision Code, sections 4877 and 4878 had not been enacted. Those sections were new with the 1919 revision. They expressly permit liberal amendments to felony indictments, both before and after the defendant pleads, as long as they do not change the character of the offense charged. .

The case of *Sink* v. *Commonwealth*, 152 Va. 1002, 147 S. E. 231, was decided in 1929, ten years after the revision. The opinion in that case does not refer to the *Rose Case*. In the *Sink Case* the indictment was amended when in its original form it did not embrace the statutory essential that the female was of previous chaste character—it being an indictment for seduction. If an indictment which omits such an essential fact can be amended, as was the case there, it is difficult to understand why the indictment in the case under review could not have been amended. If it could have been amended it was bound to have been a valid charge originally, and if it was a valid charge originally and subject to amendment it was not so defective as to be in violation of the Constitution. (Code, sec. 4879.) That portion of the statute omitted in the indictment here was not near as important as the omitted language in the indictment in the *Sink Case*, and in addition to this, additional language was supplied in the indictment here which, according to our view, made it valid, while in the indictment in the *Rose*

*Case,* there was no equivalent language substituted for the omitted language of the statute.

In *Flanary* v. *Commonwealth,* 133 Va. 665, 112 S. E. 604, the indictment omitted the essential information that the offense was committed within a year. There was no demurrer or other objection to the indictment until after verdict. The court held that the motion came too late, citing section 4879. The court in an opinion by Burks, J., had this to say:

"Technically, the indictment should have alleged the commission of the offense within twelve months prior to the finding of the indictment, and the failure to make such allegation was fatal to the indictment, independently of statute, but section 4879 was intended to meet such cases, and to require persons charged with crime to assert their rights and to make their defenses before verdict, and thereafter to cut off all defenses not made before verdict unless prohibited by the Constitution. The Constitution gives to the accused the right to demand the cause and nature of his accusation, and this right cannot be taken away from him, but there is no inhibition on the legislature to fix a stage of the procedure beyond which he cannot go in the assertion of his constitutional right. He must be given a full and fair opportunity of asserting his right, but after this has been afforded him and he has failed to avail himself of it, he cannot complain. Within the limits mentioned, the order in which defenses shall be presented, and the stages at which they may be forbidden, is entirely within the powers of the legislature. In the instant case, the accused having taken his chances before the jury and lost, cannot now raise the objection that the indictment is defective for failure to state the time of the commission of the offense."

We think the indictment in the case under review charged an offense. It was not necessary that the indictment follow the identical words of the statute, if it gave the accused notice of the nature and character of the offense charged so he could make his defense. The language of the indictment itself necessarily implied that the accused was being charged

with knowledge that he was offering a bribe to a police officer. Such an officer is within the meaning of the Act. *Haynes* v. *Commonwealth*, 104 Va. 854, 52 S. E. 358. If the accused was not satisfied with the indictment he should have demurred or called for a bill of particulars at the proper time.

Specifically, the accused was charged in the indictment with offering the officer $50, "with intent to influence the acts of the said H. L. Helvin as such police officer in the performance of his duties in his official capacity as such police officer." This quoted language clearly implies that the accused knew that Helvin was a police officer.

The statute in express terms does not require that an accused thereunder have knowledge that the bribe be offered to one in his official capacity. For this reason the validity of the statute is challenged. But as we have already stated, the language of the statute necessarily infers knowledge on the part of an accused. The inference is just as strong on that point as express language could make it. But aside from this, the weight of authority is that in charging a statutory offense it is unnecessary to charge guilty knowledge unless that is a part of the statutory definition of the offense. An accusation is not necessarily vitiated by failure to charge *scienter* in direct and specific words. It has been held sufficiently alleged where the elements of the offense are so stated as necessarily to import criminal knowledge and intent. The general common law rule that an allegation of *scienter* is essential has been much modified as to statutory offenses and is no longer of universal application to such offenses. It seems now to be the general rule that such allegation is unnecessary where *scienter* is not an essential element of the offense charged, or where the statute does not make knowing violation an element of the offense. 27 Am. Jur., Indictments and Informations, section 69.

There was a motion made to set aside the verdict because of insufficient evidence. The court overruled this motion and we find no error in its ruling in this regard.

An instruction was given which was objected to because it stated an abstract proposition of law, but we find no reversible error in this respect because the court cautioned the jury to consider all of the instructions together.

Upon the whole case, we are of opinion that the judgment should be affirmed.

*Affirmed.*