**Salem**

BILLY DEAN WILLIAMS

v.

COMMONWEALTH OF VIRGINIA

No. 0974-86

Decided February 16, 1988

COUNSEL

Martin F. Clark, Jr. (Clark & Clark, P.C., on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J. — Appellant, Billy Dean Williams, was convicted in a jury trial of speeding in violation of Code § 46.1-193 and fined twenty-five dollars. He raises three issues on appeal: (1) whether his conviction was invalid because he was tried under a nonexistent code subsection; (2) whether the jury was improperly instructed upon the effect of calibration evidence in determining guilt or innocence and punishment for speeding in accordance with Code § 46.1-193.1; and (3) whether the trial court erred in not allowing defense counsel, during final argument, to discuss Williams' potential liability for court costs. We answer each of these inquiries in the negative, and accordingly, we affirm.

## I. FACTS

On March 27, 1986, Trooper G. E. Miller, Jr. clocked a 1985 Peterbuilt tractor trailer truck being operated by appellant, Billy Dean Williams, at a speed of fifty-nine miles per hour in a forty-

five mile per hour zone. The trooper was using a moving radar system. He issued Williams a traffic summons charging him with a violation of Code § "46.1-193" which sets the minimum/maximum speed limits. The summons described the charge as "speed 59/45."

At trial, the Commonwealth's evidence consisted of Trooper Miller's testimony and the result of the radar check. In his case-in-chief, Williams testified that he was aware of the forty-five mile per hour speed limit and that, according to his speedometer, he was traveling within that speed limit. He then introduced a calibration certificate showing the result of a test conducted about five weeks after the offense. The test disclosed that a speedometer reading of forty-five miles per hour on his truck was obtained when the truck actually was going fifty-eight miles per hour.

The jury returned a verdict finding Williams guilty of speeding "58 miles per hour in a 45 miles per hour zone," and fined him twenty-five dollars. This appeal followed.

## II. CONVICTION UPON NONEXISTENT CODE SUBSECTION

Williams first maintains that he was convicted of violating a nonexistent code subsection, and that therefore, his conviction must be reversed. At the close of the Commonwealth's evidence, Williams moved to strike the evidence, contending that he was charged under the incorrect statute. The court overruled the motion, finding that Williams was charged under the appropriate section, Code § 46.1-193, but erroneously amended the warrant to show the subsection as "46.1-193h(3)," a nonexistent subsection. We hold that the error is not fatal to the conviction.

A summons must describe the offense charged. Rule 3A:4(b). This description must comply with Rule 3A:6(a), which provides that an indictment must give an accused notice of the nature and character of the offense charged against him. *Greenwalt v. Commonwealth*, 224 Va. 498, 501, 297 S.E.2d 709, 710-11 (1982). In *Williams v. Petersburg*, 216 Va. 297, 301-02, 217 S.E.2d 893, 897 (1975), the defendant argued that his conviction for refusing to take a breath test was invalid because the warrant inaccurately recited the applicable code section. In that case, instead of referring to Code § 18.1-55.1, which required that the

breath sample be given, the warrant referred to Code § 18.1-54.1 which addressed preliminary field sobriety tests. The court found it sufficient that the warrant specifically charged the defendant with refusing to take a breath test, and held that the "misrecital [did] not invalidate the conviction." *Id.* at 302, 217 S.E.2d at 897.

In this case the traffic summons stated that Williams was charged with "speed 59/45." This description was sufficient to give him notice of the nature and character of the offense for which he was charged. Williams does not contend that he did not know the nature of the charge against him or that he did not have an opportunity to defend against that charge. Accordingly, despite the misrecital of the applicable subsection of the statute, the description of the offense set out in the summons gave the defendant notice of the offense of which he was charged.

### III. *INSTRUCTIONS ON CALIBRATION TEST*

Next, Williams claims that the jury was incorrectly instructed upon Code § 46.1-193.1, which provides:

> In the trial of any person charged with exceeding any maximum speed limit in this Commonwealth, the court shall receive as evidence a sworn report of the results of a calibration test of the accuracy of the speedometer in the motor vehicle operated by the defendant or the arresting officer at the time of the alleged offense. Such report shall be considered by the court or jury in both determining guilt or innocence and in fixing punishment.

He argues that the court erred in refusing to give three instructions he tendered because: (1) Code § 46.1-193.1 creates an absolute defense to a speeding charge where the speedometer reading on a motor vehicle is incorrect and is relied upon by the operator to determine his speed; (2) if the statute is not an absolute bar, it fashions a narrow and specific exemption to the *malum prohibitum* statute designed to protect those drivers who, without knowledge or intent, violate the maximum speed limit and in good faith rely upon the accuracy of their speedometers and find them incorrect; and (3) Code §§ 46.1-193.1 and 46.1-193 are conflicting and, therefore, the court gave inconsistent instructions to the jury.

A.

The trial court refused to give the following instructions requested by the defendant:

Instruction 1:

The Court instructs the Jury that the defendant, Mr. Williams, is entitled to rely on the speed shown on his truck's speedometer. If you believe that Mr. Williams' speedometer showed him traveling at a lawful speed at the time he was stopped, and that because his speedometer was incorrect, Mr. Williams exceeded the speed limit, then you shall find the defendant, Mr. Williams, not guilty.

Instruction 2:

The Court instructs the Jury that if you believe from the evidence that the defendant, Mr. Williams' speedometer showed Mr. Williams to be driving at a lawful speed at the time he was stopped by the State Trooper, then regardless of Mr. Williams' actual speed as determined by radar, the defendant, Mr. Williams, shall be found not guilty.

Instruction 3:

The Court instructs the Jury that if you believe the evidence of the mechanic who performed the calibration on Mr. Williams' truck that Mr. Williams' speedometer was incorrect, and that it showed Mr. Williams to be traveling at a lawful speed when he actually was traveling at a speed greater than the posted speed, you shall find the defendant, Mr. Williams, not guilty.

█ We find that the legislature, in enacting Code § 46.1-193, did not intend to bar a conviction for speeding for persons with inaccurate speedometers. Such an interpretation would discourage motorists from repairing defective speedometers and encourage tampering with them so as to prevent a conviction for speeding. We do not think the legislature intended to encourage a result

that would foster unlawful activity. *See* Code § 46.1-308(ii). (illegal to operate motor vehicle with defective speedometer).

■ We find no language in the statute supporting the argument that the legislature intended an incorrect speedometer reading to constitute an absolute bar to a conviction for speeding. In a speeding case the only issue is whether the defendant's vehicle was in fact exceeding the lawful maximum speed. If so, he is guilty; if not, he is innocent. The calibration report is admissible in evidence and the fact finder under the statute may give it such weight as it deems proper under the facts and circumstances of the particular case.

■ The gravamen of the three instructions tendered by the defendant is that they removed from the fact finder the element of discretion which the statute imposes upon it. The instructions told the fact finder that if the speedometer showed Williams was traveling at a lawful rate of speed in accordance with the speedometer reading, although he was in fact exceeding the maximum speed limit permitted by law, then it must find him not guilty. The weight attached to the calibration test evidence under the terms of the statute is solely for the determination of the fact finder in arriving at its conclusion as to whether there is reasonable doubt of the guilt of the accused in view of all the proven facts and circumstances. For this reason, we conclude that the trial court was correct in refusing the tendered instructions.

### B.

Williams argues that if Code § 46.1-193.1 does not provide an absolute defense when the speedometer reading is inaccurate, it creates knowledge or intent as an element for a speeding charge, and the jury should have been so instructed.

■ The legislature may require knowledge or intent as an element of an offense, but we hold that neither Code § 46.1-193.1, nor language contained elsewhere in the Motor Vehicle Code, so provides. If the legislature intended to make knowledge or intent an element of the offense of speeding, it would have done so as it has with other offenses in the Motor Vehicle Code. *See, e.g.*, Code § 46.1-15.1 (unlawful for one to sell car if he "knows or should reasonably know" that the odometer has been changed); Code § 46.1-363 (unlawful for one to make a "willful," material false

statement on any application for a driver's license); Code § 46.1-384(b) (unlawful to "knowingly" permit another to use one's driver's license). We, therefore, find that statutory language requiring a fact finder to "consider" calibration evidence in determining guilt or innocence of speeding was not meant to require proof of intent or knowledge as an element of a speeding conviction. Having concluded that Code § 46.1-193.1 was not intended to make knowledge or intent an element in a speeding charge when calibration evidence is introduced, we find that the trial court did not err in refusing to so instruct the jury.

## C.

Williams contends that even if Code § 46.1-193.1 does not provide a defense to a speeding charge or make knowledge or intent an element of the offense, the jury was inadequately instructed because instructions D and F were incompatible and inconsistent with each other. We disagree. The instructions given were as follows:

Instruction D:

The result of the check of the speed of the defendant's automobile by radar device is sufficient to prove his guilt unless other evidence raises a reasonable doubt as to whether the defendant in fact exceeded a speed of forty-five miles per hour.

Instruction F:

You have received as evidence a sworn report and testimony of the results of a calibration test of the accuracy of the speedometer in the motor vehicle operated by the defendant. You shall consider such report and testimony in both determining guilt or innocence and in fixing punishment.

Instruction D paraphrases Code § 46.1-198(a) which provides that the result of a radar check is prima facie evidence of speed. Instruction F paraphrases Code § 46.1-193.1 which provides that the fact finder shall consider the speedometer calibration test in both determining guilt or innocence and in fixing punishment.

Considering these two instructions together, the only conclusion that the jury could reasonably draw is that the radar check is sufficient to prove the speed of the defendant's vehicle and that the calibration evidence must be considered by them to rebut it. In every case, the test will not prove the defendant's innocence; in some cases, the test may prove his guilt. Such is the case at bar. Williams did not present any evidence to refute the radar check. Rather than help prove his innocence, the calibration test evidence bolstered the prima facie case made by the radar check by confirming that Williams was in fact exceeding the speed limit. Furthermore, even if the calibration test evidence in this case tended to rebut the prima facie case of speed, the statute confers upon the fact finder absolute discretion concerning the weight to be attached to the test results.

Clearly, the calibration test evidence was relevant in fixing the punishment, and no doubt the jury considered it for this purpose. These two instructions stated the correct principles of law; therefore, we conclude that the court committed no error in giving them.

## IV. REFUSAL TO PERMIT ARGUMENT ON COURT COSTS

During final argument, defense counsel commented to the jury that a finding of guilt would result in a fine, and also in payment of court costs by the defendant. The Commonwealth objected to the remark about court costs, and the court admonished the jury to disregard the statement. Williams asserts that the trial court erred in refusing to allow his counsel to mention his liability for court costs in the event he was found guilty.

The defendant's liability for court costs is irrelevant in the jury's determination of the defendant's guilt and punishment, and, therefore, should not be addressed or alluded to in the final argument. "Payment of costs is no part of the sentence of the court, and constitutes no part of the penalty or punishment prescribed for the offense." *Anglea's Case*, 51 Va. (10 Gratt.) 696, 701 (1853). Rather, it constitutes an item of debt from the defendant to the Commonwealth for money "paid, laid out and expended for the purpose of repairing the consequences of the defendant's wrong." *Id.* Therefore, the trial court was correct in advising the

jury to disregard the statement of counsel pertaining to court costs.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.