COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


JOHN G. HUMPHREYS, S/K/A
 JOHN G. HUMPHREYS, A/K/A
 JOHN G. HUMPHRIES                   MEMORANDUM OPINION[*] BY
                                  CHIEF JUDGE NORMAN K. MOON
v.         Record No. 1324-95-4        FEBRUARY 11, 1997

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Donald M. Haddock, Judge

          Mark A. Rothe (Byron J. Babione, on briefs),
          for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     John G. Humphreys appeals his conviction for petit larceny

in violation of Code § 18.2-96.  Humphreys contends the warrant

for his arrest was invalid because it failed to allege all of the

essential elements of a larceny, failed to negate ownership in

the accused of the allegedly stolen property, and failed to state

to whom the property did belong.  Humphreys also contends that

the jury verdict was general and therefore cannot stand and that

the verdict was inconsistent with the law of the case as stated

under jury instruction eight.  Holding that the warrant was

valid, we affirm.

     On February 10, 1995, Humphreys entered the office of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Doctors Gahres and Radice. Inside, Humphreys spoke with the receptionist, explaining that he and his wife were new to the area and were looking for an obstetrician/gynecologist. The receptionist informed Humphreys of their office hours and handed him a business card before explaining that she had to step away for a moment to speak with a nurse. As the receptionist was walking away, Humphreys asked, and was granted permission to look at a bulletin board on which pictures of the doctors and their patients were displayed.

Humphreys approached the board, removed a picture of Dr. Radice and a woman with a newborn baby, and secreted the picture on his person. The receptionist saw Humphreys take the picture and confronted him. Humphreys told the receptionist he thought that one of the persons depicted on the board looked like one of his relatives, but on cross-examination, Humphreys testified that the person in the photo with Dr. Radice did not look like one of his relatives. Humphreys returned the picture to the receptionist and left. The receptionist informed Dr. Gahres of the incident, who then called the police.

Humphreys was charged by misdemeanor warrant alleging that Humphreys did "take, steal and carry away one picture having a value of less than $200.00" in violation of Code § 18.2-96. The complaining witness listed on the warrant was Dr. Edward E. Gahres. The warrant was signed by the magistrate.

At trial the receptionist and Dr. Gahres testified that Humphreys did not have permission to remove the photograph of Dr.

Radice. Humphreys admitted that he removed and concealed the photograph. Humphreys also admitted to stating under oath at a previous hearing that he had "a reason other than his wife's pregnancy for being at Dr. Gahres' office."

Rule 3A:4 requires that a warrant: "(i) state the name of the accused . . . , (ii) describe the offense charged and state whether the offense is a violation of state, county, city or town law, and (iii) be signed by the magistrate or the law-enforcement office, as the case may be." A warrant "must describe the offense charged. Rule 3A:4(b). This description must comply with Rule 3A:6(a), which provides that an indictment must give an accused notice of the nature and character of the offense charged against him." Williams v. Commonwealth, 5 Va. App. 514, 516, 365 S.E.2d 340, 341 (1988).

The information contained in the warrant provided Humphreys with sufficient notice of the charged crime, even in the absence of a clear indication of who owned the picture. "The ultimate ownership of the property had no material effect on the proof required to convict under the offense charged, nor was it descriptive of the identity of that which was `legally essential to charge.'" Hairston v. Commonwealth, 2 Va. App. 211, 217, 345 S.E.2d 355, 359 (1986) (citation omitted). Therefore, the trial court did not err in denying Humphreys' motion to dismiss on grounds that the warrant was fatally defective in not naming the owner of the picture.

Further, the jury's verdict, finding Humphreys guilty as

charged in the warrant, was not inconsistent with the warrant, the evidence adduced at trial, or the jury instructions.  The warrant listed Dr. Gahres as the complaining witness.  Dr. Gahres testified at trial that he and Dr. Luis Radice, his partner, jointly owned the property of their medical office.  Instruction eight stated that the Commonwealth was required to prove that Humphreys took a photograph "belonging to Gahres and Radice M.D.s, Ltd."  Thus, the trial court did not err in refusing to set aside the verdict for variance with the offense charged or proven.

Accordingly, we affirm.

<u>Affirmed.</u>