COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Salem, Virginia


WARREN LEE THIEMAN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1404-99-3          JUDGE SAM W. COLEMAN III
                                         NOVEMBER 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                    Duncan M. Byrd, Jr., Judge

            Dabney L. Pasco (Pasco & Dascher, P.C., on
            brief), for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Warren Lee Thieman was convicted in a jury trial of driving

while under the influence of alcohol (DUI), a "3rd offense within

ten (10) years, as charged in the warrant," in violation of Code

§ 18.2-266.  On appeal, Thieman argues that the trial court erred

by permitting the Commonwealth to prosecute him for a third

offense DUI.  He argues that because the warrant charged DUI

"SUBSEQUENT OFFENSE," rather than third offense, it was deficient

and insufficient to inform him that he was being prosecuted for a

third offense.  We disagree and affirm the conviction.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

On September 4, 1998, Thieman was arrested on a warrant charging him with driving under the influence of alcohol "SUBSEQUENT OFFENSE." In December 1998, Thieman was found "guilty as charged" in general district court and was sentenced to ninety days in jail, with sixty days suspended, one hundred hours of community service, and a $1,500 fine. The general district court suspended Thieman's driver's license for three years. Thieman appealed the conviction to the circuit court.

Prior to trial in circuit court, the Commonwealth's attorney clarified that Thieman was being prosecuted for driving under the influence, a third offense. Thieman objected, arguing that the warrant specified "SUBSEQUENT OFFENSE," which he contended was insufficient to inform him that he was being tried for a third offense DUI. The trial judge overruled the objection, finding that the warrant was "clearly broad enough to cover third offense." On the evidence presented, Thieman was convicted of DUI, third offense within ten years. He was sentenced to one year in jail and a $2,500 fine. The circuit court revoked Thieman's driver's license indefinitely.

## ANALYSIS

Thieman argues that the charge as stated in the warrant, driving while under the influence of intoxicants, "SUBSEQUENT OFFENSE," was vague and insufficient to inform him that he was

being tried for a third offense, rather than a second offense.[1]

In support of his argument, Thieman points out that the sentence and punishment imposed by the general district court was consistent with the statutory punishment provided for a second offense DUI and inconsistent with the punishment provided for a third or subsequent DUI offense. Therefore, he asserts, because the warrant was vague as to the offense charged and because his punishment in general district court was consistent with a second offense DUI, he did not have notice that he was being tried in circuit court for a third offense DUI.

---

[1] Thieman first raised this issue the day of trial. On appeal, the Commonwealth argues that Thieman is barred by Rule 3A:9(b)(1) and (c) from challenging his conviction on the ground that the warrant was deficient because he failed to raise the objection seven days before trial. Thieman, however, asserts that he was not required to raise this issue prior to trial because he does not argue that the warrant was deficient. Rather, he asserts that the warrant failed to give him notice that he was being tried for a third offense because the language "SUBSEQUENT OFFENSE" implied a second offense.

Rule 3A:9(b)(1) requires that "[d]efenses and objections based on defects . . . in the written charge upon which the accused is to be tried . . . must be raised by motion within the time prescribed by paragraph (c) . . . ." Paragraph (c) requires that the motion "shall be filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial." Rule 3A:9(c). Thieman does not contend that the warrant was insufficient to charge him with a violation of Code § 18.2-266. He contends that by charging "SUBSEQUENT OFFENSE," the warrant charged and only gave him notice of a second offense DUI. Thus, the question Thieman raises does not allege a "defect" in the warrant but raises an issue concerning the scope of the charge. Thus, we hold that Rule 3A:9(b)(1) and (c) did not require that Thieman raise the issue seven days before trial.

Code § 18.2-270[2] provides for an enhanced penalty for repeat offenders and states in pertinent part:

> Any person convicted of a third offense <u>or subsequent offense</u> committed within ten years of an offense under § 18.2-266 shall be punishable by a fine of not less than $500 nor more than $2,500 and by confinement in jail for not less than two months nor more than one year.

(Emphasis added).

An accused has a right to be clearly informed of the charge against him. <u>See</u> U.S. Const. amend. VI; Va. Const. art. I, § 8. Rule 3A:4 requires that a warrant: "(i) state the name of the accused . . . , (ii) describe the offense charged and state whether the offense is a violation of state, county, city or town law, and (iii) be signed by the magistrate or the law-enforcement officer, as the case may be." In describing the offense charged, the "description must comply with Rule 3A:6(a), which provides that an indictment must give an accused notice of the nature and character of the offense charged against him." <u>Williams v. Commonwealth</u>, 5 Va. App. 514, 516, 365 S.E.2d 340, 341 (1988) (citing <u>Greenwalt v. Commonwealth</u>, 224 Va. 498, 501, 297 S.E.2d 709, 710-11 (1982)). It is not necessary that the warrant track the identical words of the statute. <u>See</u>

---

[2] At the time of the violation, Code § 18.2-270 provided that a third or subsequent offense was a Class 1 misdemeanor. The statute, however, was amended in 1999 to provide that a third offense is a Class 6 felony.

- 4 -

<u>Livingston v. Commonwealth</u>, 184 Va. 830, 839, 36 S.E.2d 561, 566 (1946) (construing notice requirements for indictments).

The language in the warrant charging Thieman with driving while under the influence of intoxicants, "SUBSEQUENT OFFENSE," in violation of Code § 18.2-266 was sufficient to give Thieman notice that he was being prosecuted for a third offense. Thieman argues that the term "subsequent logically applies to a second offense" and does not "denote or identify a third offense."  We disagree.

Code § 18.2-266 provides for an enhanced punishment for a second offense and further provides for a more severe punishment for a "third offense or subsequent offense."  Under the statute "third offense or subsequent offense" are treated the same. Moreover, prior to trial, the Commonwealth's attorney clearly notified Thieman that he was being prosecuted for a "third offense" DUI.  Although Thieman contended that "SUBSEQUENT OFFENSE" charged only a second offense, he did not otherwise object to the form or nature of the charge; he did not request a bill of particulars to clarify that the "subsequent" offense was a third offense; once informed by the Commonwealth's attorney that he was being prosecuted for a third offense, Thieman did not request a continuance to prepare for trial on a charge different from the one charged.  See <u>Mueller v. Commonwealth</u>, 15 Va. App. 649, 652-53, 426 S.E.2d 339, 341 (1993) (stating that

defendant could have requested a bill of particulars where the indictment referred only to a code section and did not specify a particular subsection and where the judgment could support a conviction under more than one section).  Thieman has failed to show that the language of the warrant deprived him of sufficient notice of the nature and character of the charge against him and that, as a result of the insufficient notice, he was unable to present an adequate defense.  See generally Livingston, 184 Va. at 839, 36 S.E.2d at 566.

In support of his claim that the warrant only charged and gave him notice of a "second" DUI offense, Thieman further argues that the general district court only sentenced and punished him as having committed a second offense and that the punishment is not consistent with the punishment for a "third offense or subsequent offense."  Thieman did not contend in the trial court, and thus cannot contend here, that a conviction in the general district court for a second offense was an acquittal of a "third offense or subsequent offense" which would bar his being retried in circuit court for "third offense or subsequent offense" based on the principles of res judicata and former jeopardy.  See Buck v. City of Danville, 213 Va. 387, 388, 192 S.E.2d 758, 759 (1972) (holding that when a defendant is put in jeopardy for an offense in general district court, a conviction

there for a lesser-included offense is tantamount to an acquittal of the greater offense).

First, the punishment imposed for a conviction in general district court, whether it be within the statutory limit or in excess thereof does not control or define the offense for which an accused is convicted. The warrant in general district court specified "guilty as charged." The warrant charged DUI, "SUBSEQUENT OFFENSE" in violation of Code § 18.2-266, which is sufficiently broad to charge a violation of third offense.

Second, the fine and jail sentence imposed in general district court were within the range provided by Code § 18.2-266 for either a second or "third offense or subsequent offense" DUI. Admittedly, the general district court purported to revoke Thieman's operator's privileges for a period of three years, which would have been consistent with the mandatory period of revocation as provided by Code § 18.2-271(B) for a second offense DUI, and inconsistent with the indefinite license suspension for a "third or subsequent" offense as provided by Code §§ 18.2-271(C) and 46.2-391(B). However, we do not find the fact that the general district court judge revoked Thieman's license for three years persuasive or controlling that the "subsequent offense" was only a second offense. Furthermore, regardless of the period of suspension imposed by the general district court, Code § 46.2-391 provides that the Commissioner

- 7 -

of the Division of Motor Vehicles "shall" revoke an operator's license indefinitely for a "third or subsequent" offense and the person shall not be entitled to petition for reinstatement for a period of ten years. Thus, based on Code § 46.2-391(B) the records of the Division of Motor Vehicles would have required that the Commissioner revoke Thieman's license indefinitely and not permit application for relicensing for ten years.

But, most important, the nature of the charge and the proof in the case as to whether the offense is a second or "third or subsequent" offense control. The charge of "SUBSEQUENT OFFENSE" DUI in violation of Code § 18.2-266 and the pretrial notice from the Commonwealth's attorney that the prosecution was for third offense were sufficient to notify Thieman that the charge against him was a "third offense or subsequent offense."

Accordingly, Thieman's conviction is affirmed.

<u>Affirmed.</u>

Willis, J., dissenting.

Code § 18.2-270, as in force at the time of Thieman's conviction, provided punishment for violation of Code § 18.2-266, which proscribes operating a motor vehicle while under the influence of intoxicants.

Code § 18.2-270 further provided enhanced ranges of punishment for "a second offense," depending upon the circumstances under which that second offense was committed.

Code § 18.2-270 provided a yet further enhanced range of punishment for "a third offense or subsequent offense committed within ten years of an offense under § 18.2-266."

The warrant under which Thieman was convicted alleged a violation of Code § 18.2-266.  At the conclusion of the specification of the charge were the words "subsequent offense." The majority holds that this additional specification sufficiently charged a third or subsequent offense within ten years.  I disagree.

"Subsequent" is a comparative term.  It cannot be employed without a referent.  To be subsequent, an item must follow some other specified thing.  The specification of the referent may be direct or by inference, but to describe an item accurately as "subsequent," the referent prior item must be identified.

The term "third offense or subsequent offense" used in the statute plainly refers to a third offense or an offense

subsequent to a third offense.  Any other construction would render the term "subsequent" meaningless.  To hold, as the majority does, that the two terms are synonymous renders the statute redundant and affords no meaning to the term "subsequent offense."

The warrant in this case charged Thieman with a violation of Code § 18.2-266.  Appended to that specification were the words "subsequent offense."  This can mean only an offense subsequent to a violation of Code § 18.2-266.  Thus, the warrant specified no more than a second offense.

For the foregoing reasons, I respectfully dissent.  I would reverse Thieman's conviction and remand the case to the trial court for trial on the charge specified, if the Commonwealth be so advised.