COURT OF APPEALS OF VIRGINIA


Present:  Judges Clements, Agee[*] and Felton
Argued at Richmond, Virginia


CHRISTOPHER T. TAYLOR

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 1511-02-2        JUDGE G. STEVEN AGEE
                                         MARCH 25, 2003
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF NEW KENT COUNTY
                        Thomas B. Hoover, Judge

            J. Terry Osborne for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Christopher T. Taylor ("Taylor") was convicted in a bench

trial of reckless driving in the Circuit Court of New Kent County.

He was sentenced to sixty days in jail and a $1,000 fine.  On

appeal, Taylor asserts that (1) the certificate of calibration was

improperly admitted into evidence, and (2) the evidence was

insufficient to prove that the offense occurred in New Kent County

_____

        [*] Justice Agee participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

or that he was speeding.  For the reasons that follow, we affirm the decision of the trial court.[1]

## I.  ANALYSIS

### A.  Admissibility of the Calibration Certificate

Taylor argues on appeal that the trial court erred by admitting the calibration certificate of Alcohol Beverage Control Agent Bellows' vehicle into evidence.  He asserts that Code § 46.2-882 and our decision in Gray v. Commonwealth, 18 Va. App. 663, 446 S.E.2d 480 (1994), establish a requirement that calibration of a police vehicle's speedometer be within six months prior to the offense date.  We disagree.

Code § 46.2-942 provides that "the court shall receive as evidence a sworn report of the results of a calibration test of the accuracy of the speedometer in the motor vehicle operated by the defendant or the arresting officer at the time of the alleged offense."

> Under basic rules of statutory construction, we examine a statute in its entirety, rather than by isolating particular words or phrases.  When the language in a statute is clear and unambiguous, we are bound by the plain meaning of that language.  We must determine the General Assembly's intent from the words appearing in the statute, unless a literal construction of the statute would yield an absurd result.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001) (internal citations omitted); Peacock v. Browning Ferris, Inc., 38 Va. App. 241, 249, 563 S.E.2d 368, 372 (2002).

The plain language of the statute requires admission into evidence of the certificate of calibration. Nothing in the statute requires that the calibration be on the date of the offense, only that it be of the car used on the offense date. The phrase "at the time of the alleged offense" modifies "motor vehicle" so as to specify the car to be calibrated. There is no language in the statute requiring that a calibration be performed within a specified time period or whether the calibration be before or after the offense date.

Taylor asserts that the time limit for calibrations in Code § 46.2-882 also applies to speedometers under Code § 46.2-942. He points to that part of Code § 46.2-882 that provides "[n]o calibration or testing of such device shall be valid for longer than six months." (Emphasis added). However, it is clear by the plain language of the statute that the term "such device" refers only to any "laser speed determination device, radar, or microcomputer device as described in this section," not vehicle speedometers. Code § 46.2-882. The General Assembly, as Code § 46.2-882 illustrates, can place an evidentiary limit on specific speed testing devices, but has clearly chosen not to do so with regard to speedometer calibrations.

"'Courts are not permitted to rewrite statutes.  This is a legislative function.'"  <u>Barr v. Town & Country Properties, Inc.</u>, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting <u>Anderson v. Commonwealth</u>, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).  If the General Assembly wishes to impose a six-month requirement on the calibration of speedometers, it could do so, but clearly has not.  Furthermore, as <u>Gray</u> involved the accuracy of a radar device specified in Code § 46.2-882, that case has no application to the case at bar.  The time span between the offense date and the calibration date goes to the weight of the evidence, not its admissibility.  <u>Williams v. Commonwealth</u>, 5 Va. App. 514, 519, 365 S.E.2d 340, 343 (1988).

Accordingly, we find no error in the admission into evidence of the speedometer calibration of Agent Bellows' car.

### B.  Sufficiency of the Evidence

Taylor asserts that the evidence was insufficient for the trial court to find that the offense was committed in New Kent County and, thus, venue was improper.  We disagree.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  <u>See</u> <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court will not substitute its own judgment for that of the trier of fact.  <u>See</u> <u>Cable v.</u>

Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The trial court found that the offense occurred in New Kent County. Agent Bellows testified that he paced Taylor's vehicle "at a speed of 105 m.p.h. in a posted 65 m.p.h. zone for approximately one mile within New Kent County . . . ." There is evidence in the record to support the trial court's finding that the offense occurred in New Kent County and that venue was therefore proper.

Taylor also alleges that the evidence was insufficient to show how fast he was travelling. The speed of Taylor's car was a determination for the trier of fact. As we previously resolved, the trial court properly admitted the calibration certificate into evidence. The results of the calibration, combined with Agent Bellows' testimony, were sufficient to prove Taylor's speed. Furthermore, the trial court clearly considered the 2 m.p.h. variance in the calibration results by finding Taylor guilty of driving 103 m.p.h. in a 65 m.p.h. zone.

## II.  CONCLUSION

The trial court properly admitted the calibration certificate pursuant to Code § 46.2-942, and the evidence was sufficient to support Taylor's conviction. Finding no error in

- 5 -

the decision of the trial court, its judgment and Taylor's conviction are affirmed.

Affirmed.
