755 S.E.2d 482

**Tariq Rashad AMIN**

v.

**COUNTY OF HENRICO.**

**Record No. 0861–11–2.**

Court of Appeals of Virginia,
Richmond.

April 1, 2014.

204

J. Burkhardt Beale (Boone Beale, PLLC, Woodbridge, on brief), for appellant.

David R. Giroux, Assistant Commonwealth's Attorney, for appellee.

Present: FRANK, HUMPHREYS and HUFF, JJ.

UPON REMAND FROM THE SUPREME
COURT OF VIRGINIA

HUMPHREYS, Judge.

Tariq Rashad Amin ("Amin") was convicted in the Henrico County Circuit Court ("trial court") of carrying a concealed weapon in violation of "Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308." Amin appealed his conviction to this Court. The only assignment of error included in Amin's petition for appeal was that the trial court erred

in denying his motion to suppress. This Court granted Amin's petition for appeal. Amin then filed an opening brief wherein he argued two assignments of error: (1) that the conviction is void as a matter of law as there exists no Henrico County Ordinance 22–2 incorporating Virginia Code § 18.2–308, and (2) the trial court erred in denying his motion to suppress. We declined to address Amin's assignment of error alleging his conviction was void because he did not include it in his petition for appeal, pursuant to Rule 5A:12, and we affirmed the trial court's ruling denying Amin's motion to suppress. Amin appealed our ruling to the Virginia Supreme Court. The Supreme Court reversed our holding that Rule 5A:12 barred us from considering Amin's argument that his conviction order was void *ab initio. Amin v. Cnty. of Henrico*, 286 Va. 231, 237, 749 S.E.2d 169, 171 (2013). This case returns to us on remand from the Supreme Court to consider whether Amin's conviction order was void *ab initio. Id.* We hereby withdraw our previous opinion, *Amin v. Cnty. of Henrico*, 61 Va.App. 67, 733 S.E.2d 661 (2012), and address anew the merits of Amin's appeal.

## I. BACKGROUND

On December 1, 2010, Henrico County police officers approached Amin while he was sitting in his car and asked him if he had any weapons on his person. Amin stated that he did not. After the police ran a background check on Amin and informed him that his concealed weapons permit had expired, the officer again asked Amin if he had any weapons. This time Amin stated that he did have a weapon that was on his hip and underneath his jacket.

Officer S.C. Flores ("Flores") issued a Virginia Uniform Summons to Amin. Officer Flores marked two boxes indicating that Amin was charged with violating both "State" and "County" laws. The next few lines of the form were filled in to read: "LAW SECTION *(22–2) 18.2–308.* DESCRIBE CHARGE: *Concealed Weapon w/ No CWP (CWP Revoked)*." [1]

---

1. In context, "CWP" stands for "concealed weapons permit."

After hearing a motion to suppress, which the trial court denied, and holding a bench trial, the trial court issued a final order finding Amin guilty. The order specifically stated that Amin was charged with a misdemeanor, "carrying a concealed weapon (Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308), as charged in the summons," and the trial court found Amin "guilty of carrying a concealed weapon (Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308), as charged in the summons."

## II. ANALYSIS

■ Amin argues that "the conviction is void as a matter of law as there exists no Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308." Because this assignment of error raises a pure question of law, we review the judgment of the trial court *de novo*. *Collins v. Shepherd*, 274 Va. 390, 397, 649 S.E.2d 672, 675 (2007).

Henrico County Ordinance 22–2 ("Ordinance 22–2") is a part of Chapter 22 of the Henrico County Code of Ordinances. Ordinance 22–2, by reference, criminalizes as a violation of county law all conduct that would be criminal under certain provisions of the Virginia Code. Ordinance 22–2 provides,

Pursuant to the authority in Code of Virginia, § 46.2–1313,[2] all of the provisions and requirements of the laws of the state contained in Code of Virginia, title 46.2 (Code of Virginia, § 46.2–1–101 et seq.) and Code of Virginia, title 18.2, ch. 7, art. 2 (Code of Virginia, § 18.2–266 et seq.), and

---

2. Code § 46.2–1313 reads,

Ordinances enacted by local authorities pursuant to this chapter may incorporate appropriate provisions of this title, of Article 9 (§ 16.1–278 et seq.) of Chapter 11 of Title 16.1, and of Article 2 (§ 18.2–266 et seq.) of Chapter 7 of Title 18.2 into such ordinances by reference. Nothing contained in this title shall require the readoption of ordinances heretofore validly adopted. Local authorities may adopt ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law; provided that such local ordinances do not become effective before the effective date of the state law. The provisions of this section are declaratory of existing law.

Code of Virginia, title 16.1, ch. 11, art. 9 (Code of Virginia, § 16.1–278 et seq.) except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which by their very nature can have no application to or within the county, are hereby adopted and incorporated in this chapter by reference and made applicable within the county.

Code § 18.2–308, which proscribes the act of carrying a concealed weapon, is located in Title 18.2, Chapter 7, Article 7 of the Code of Virginia. Ordinance 22–2 adopts and incorporates Title 18.2, Chapter 7, Article 2, *but not* Article 7.

 Furthermore, Code § 46.2–1313, which is the legislative authority allowing Ordinance 22–2 to incorporate by reference certain Virginia Code sections, does not authorize incorporation by reference of Title 18.2, Chapter 7, Article 7. Virginia follows the Dillon Rule of strict construction. *Richmond v. Confrere Club of Richmond, Inc.*, 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990). "The power of a county, like that of a municipal corporation, is controlled by Dillon's Rule, which authorizes the locality to exercise those powers or adopt ordinances that the legislature *expressly authorizes by statute* or that are conferred by necessary implication." *Lawless v. Cnty. of Chesterfield*, 21 Va.App. 495, 499, 465 S.E.2d 153, 154 (1995) (emphasis added). Local governing bodies do not have authority from the General Assembly to incorporate Title 18.2, Chapter 7, Article 7, therefore, Ordinance 22–2 could not have validly incorporated Code § 18.2–308.

 We recognize that a fair reading of the summons shows that Officer Flores charged Amin with violating both Code § 18.2–308 and Ordinance 22–2. However, the trial court expressly wrote in its conviction order that Amin was charged with and was guilty of violating "Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308." Therefore, we are not persuaded by the County's argument that "the addition of '22–2' is purely erroneous to the face of the warrant, but does nothing to change the nature of what [Amin] was charged with." We recognize, rather, that "[a]

court speaks through its orders, and we presume that these orders accurately reflect what transpired." *Howerton v. Commonwealth,* 36 Va.App. 205, 212, 548 S.E.2d 914, 917 (2001). "Because a 'circuit court speaks only through its orders,' we look to the sentencing order ... to discern its holding." *Pilson v. Commonwealth,* 52 Va.App. 442, 444, 663 S.E.2d 562, 563 (2008) (quoting *Roe v. Commonwealth,* 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006)). On the record before us, Amin was only convicted of violating "Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308"—he was not convicted of violating a provision of the Virginia Code.

■ Because Ordinance 22–2 did not, and legally could not, incorporate Code § 18.2–308, the trial court convicted Amin of violating a county ordinance that could not punish the conduct alleged in the final order. Therefore, a violation of "Ordinance 22–2 incorporating Code § 18.2–308" was a legally insufficient basis for a criminal conviction. *See Mitchell v. Cnty. of Hanover,* 1 Va.App. 486, 489–90, 340 S.E.2d 173, 175 (1986) (where the Virginia Code section was not yet incorporated into the County Code at the time of appellant's arrest, the County Code section listed on the warrant did not state an offense, rendering the conviction pursuant to the County Code section invalid).

■ An order is void *ab initio,* "meaning it was without effect from the moment it came into existence," " 'if the character of the order is such that the court had no power to render it.' " *Kelley v. Stamos,* 285 Va. 68, 75, 737 S.E.2d 218, 221–22 (2013) (quoting *Singh v. Mooney,* 261 Va. 48, 52, 541 S.E.2d 549, 551 (2001)). In *Rawls v. Commonwealth,* 278 Va. 213, 683 S.E.2d 544 (2009), the Supreme Court held a sentence imposed in excess of statutory limitations to be void *ab initio* because " 'the character of the judgment was not such as the court had the power to render.' " *Id.* at 221, 683 S.E.2d at 549 (quoting *Anthony v. Kasey,* 83 Va. 338, 340, 5 S.E. 176, 177 (1887)). "To restate the obvious: the Constitution of Virginia authorized the General Assembly to confer power upon the circuit courts. The General Assembly prescribed the applica-

ble punishments for criminal offenses. The punishment imposed in *Rawls* exceeded the power granted to the circuit court." *Kelley*, 285 Va. at 76, 737 S.E.2d at 222.

Here, Ordinance 22–2 did not incorporate Code § 18.2–308, nor has the General Assembly authorized the County to do so. Therefore, the trial court did not have the power to convict Amin of "Henrico County Ordinance 22–2 incorporating Virginia Code Section 18.2–308," an offense that did not exist. We therefore hold that the conviction order was void *ab initio* because the trial court "exerted its power in a way not warranted by the law." *Anthony*, 83 Va. at 341, 5 S.E. at 178.

Because we hold that Amin's conviction was void *ab initio*, we need not address his second assignment of error alleging that the trial court erred in denying his motion to suppress.

*Reversed and dismissed.*