COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Fulton and Ortiz
Argued by videoconference

LUCAS EDWARD RITCHIE

OPINION BY
v.      Record No. 0204-21-3       JUDGE JUNIUS P. FULTON, III
FEBRUARY 8, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Anne F. Reed, Judge

Tyler M. Jerrell, Assistant Public Defender, for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Mark R.
Herring,[1] Attorney General, on brief), for appellee.

The appellant appeals a decision of the Circuit Court of Augusta County which found that a

September 2018 order of the Augusta County Juvenile and Domestic Relations Court ("JDR court")

was a temporary sentencing order and a September 2019 order from the same court was a final

appealable order. Appellant argues that the trial court erred in finding that the September 2019

order of the JDR court was a final appealable order, arguing that it was void *ab initio* based on

previous actions by the JDR court. For the reasons stated herein, we affirm.

I. BACKGROUND

On August 17, 2018, Lucas Edward Ritchie was adjudicated delinquent in the JDR court.

The adjudication followed Ritchie's entry of an *Alford* plea to forcible sodomy, and the court

ordered Ritchie to register as a sex offender. On August 27, 2018, Ritchie filed a motion to amend

his sentence, asking the court to relieve him of the registration requirement, which, pursuant to Code

---

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

§ 9.1-902(D), is discretionary for juvenile offenders over the age of thirteen. Twenty-one days after entering its sentencing order, on September 7, 2018, the JDR court held a hearing on Ritchie's motion and entered an additional order.[2] The September 2018 order, which is the subject of this appeal, stated: "The requirement that [Ritchie] register is changed as follows. He does not have to register at this time and the motion to require that he re[g]ister is taken under advisement."[3] The order further added an additional condition to Ritchie's probation and continued the case to March 15, 2019. No written objections were filed in response to the September 2018 order, and none are noted on the order.

The case was continued several additional times in the JDR court, without objection from Ritchie, to monitor his progress in compliance with his probation conditions. Specifically, on March 15, 2019, the court noted that Ritchie had "not completed his psycho sexual treatment" and ordered him to do so. Ritchie returned to court for another status update on June 21, 2019. On that date, the court noted that Ritchie still had not had a "polygraph or attended treatment." On September 20, 2019, the court resolved the motion pertaining to Ritchie's registration requirement and ultimately held that he was required to register as a sex offender. The court then ordered that "The Motion to Amend Sentence is denied and [Ritchie] is required to register as a sex offender." Ritchie appealed this order to the Circuit Court for Augusta County on September 27, 2019.

In the circuit court, Ritchie filed a motion to declare the September 20, 2019 order void *ab initio*. After a hearing on February 11, 2020, the court entered an order on February 20, 2020,

---

[2] The court entered two orders on that date. The first order, which is not at issue in this appeal, made corrections to the original sentencing order of August 17, 2018. All subsequent references to the September 2018 order in this opinion are to the second order.

[3] We note that there is some ambiguity in the JDR court's order taking the "motion to require that he re[g]ister" under advisement. Ritchie asserts in his brief that the court took an oral motion by the Commonwealth under advisement, and at oral argument the appellee conceded the point.

denying Ritchie's motion. Subsequently, the court considered the merits of Ritchie's request that he not be required to register as a sex offender, and on February 19, 2021, the court ordered that Ritchie shall be required to register as a sex offender. On March 3, 2021, Ritchie noted his appeal to this Court, arguing that the circuit court erred in its February 20, 2020 order denying his motion to declare the September 20, 2019 order of the JDR court void *ab initio*.[4] Ritchie's appeal does not challenge his underlying conviction, but rather focuses solely on whether the JDR court had jurisdiction to impose the sex offender registration requirement in its September 2019 order.[5]

## II. STANDARD OF REVIEW

The question of whether a particular order is a final judgment is a question of law that an appellate court will review *de novo*. *See Rusty's Welding Serv., Inc. v. Gibson*, 29 Va. App. 119, 127 (1999) (*en banc*) (noting generally that "we review questions of law *de novo*"); *see also, Carrithers v. Harrah*, 60 Va. App. 69, 73 (2012).

## III. ANALYSIS

This appeal is before the Court to analyze the finality of the JDR court's orders pursuant to Rule 1:1. To do so, however, the Court is faced with an issue of first impression: whether

---

[4] Although a collateral motion to declare an order void *ab initio* is generally civil in nature, the Supreme Court has recognized that "a challenge that an order is void *ab initio*" may be raised in either "a direct or collateral proceeding." *Bonanno v. Quinn*, 299 Va. 722, ___ (2021). "[I]t is the nature of the method employed to seek relief from a criminal conviction and the circumstances under which the method is employed that determine whether an appeal is civil or criminal in nature." *Commonwealth v. Southerly*, 262 Va. 294, 299 (2001). Here, Ritchie's motion in circuit court seeking a ruling that the JDR court's September 2019 order was void *ab initio* was not a collateral attack because it was presented to the circuit court in the context of his timely-appealed criminal case. This Court has previously entertained a direct criminal appeal from a conviction order that was void *ab initio* without transferring it to the Supreme Court. *See Amin v. County of Henrico*, 63 Va. App. 203, 210 (2014) (reversing a void *ab initio* conviction order on direct appeal). We therefore conclude that this Court has jurisdiction to resolve this appeal and proceed on the merits.

[5] Because it is not an issue before the Court on appeal, we do not address whether the September 2018 order was final for purposes of appealing Ritchie's underlying conviction.

there is a conflict between the finality provision of Rule 1:1 and the JDR court's permissive retention of jurisdiction over juveniles until age twenty-one pursuant to Code § 16.1-242.

Rule 1:1(a), subtitled "Expiration of Court's Jurisdiction," provides, in relevant part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(b), subtitled "General Rule: Orders Deemed Final," provides "[u]nless otherwise provided by rule or statute, a judgment, order, or decree is final if it disposes of the entire matter before the court." Rule 1:1(b) clearly contemplates that there may be statutory exceptions to the general rule of finality. And in this case, there is such a statutory exception. Code § 16.1-242, dealing with juvenile and domestic relations district courts and titled, "Retention of Jurisdiction," provides: "When jurisdiction has been obtained by the court in the case of any child, such jurisdiction, which includes the authority to suspend, reduce, modify, or dismiss the disposition of any juvenile adjudication, may be retained by the court until such person becomes 21 years of age." As acknowledged by Rule 1:1(b), Code § 16.1-242 provided the court authority and discretion to retain jurisdiction over the entire case, including the sentencing and conviction. It also allows a court to retain jurisdiction over a discrete issue, like here with the sex offender registration requirement. In the present case, because Ritchie only appealed the sex offender registration requirement and not the conviction, this Court only considers whether the JDR court retained jurisdiction over that issue.

We hold that Code § 16.1-242 is a statutory exception to Rule 1:1 and the rule and the statute are not in conflict.[6] Given the Virginia Supreme Court's repeated direction that "[t]he

---

[6] Although not raised in their briefs, at oral argument, the parties agreed that Code § 16.1-242 is a valid statutory exception to Rule 1:1. Ritchie's only opposition to the application of Code § 16.1-242 to this case was that he believed the JDR court had to directly cite to that statutory provision in its September 2018 order if it wished to retain jurisdiction. Ritchie did not otherwise challenge Code § 16.1-242's application. We address the issue of whether Code

doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available,'" we find the narrowest and best grounds in this case to be resolution via Code § 16.1-242. *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)); *see also Zebbs v. Commonwealth*, 66 Va. App. 368, 378 n.9 (2016) (recognizing that addressing issues that are not necessary to resolve a case "would be to offer an advisory opinion, which we are not empowered to do"). As such, we need not and do not address whether the September 2018 order was a final appealable order pursuant to Rule 1:1(a) because to do so would address issues not necessary to the resolution of the case. *See White*, 293 Va. at 419.

With the statutory backdrop of Code § 16.1-242 in mind, we look to the facts of this case with specific focus on the three orders relevant to this appeal: the August 2018 order, the September 2018 order, and the September 2019 order. There is no doubt that, prior to further action by the trial court, the August 2018 order would have been a final appealable order. On his own motion within twenty-one days of entry of the August 2018 order, however, Ritchie petitioned the JDR court for reconsideration of that order and prevailed, resulting in the September 2018 order. That order "changed" Ritchie's sex offender registration requirement "at this time," modified Ritchie's conditions of probation, "took the motion to require that [Ritchie] register under advisement," and added additional language identifying a continuance date in the order. The relevant question for this Court is whether the JDR court's September 2018 order retained jurisdiction over the matter pursuant to Code § 16.1-242. This Court answers this question in the affirmative.

---

§ 16.1-242 conflicts with Rule 1:1 and the secondary issue, raised by Ritchie, as to whether a juvenile and domestic relations district court must expressly cite to the statutory provision in order to reap its benefits.

The laws impacting the JDR court are intended to be "construed liberally and as remedial in character." Code § 16.1-227. Indeed, juvenile proceedings are, by their very nature, "corrective in nature rather than penal. . . . The primary function of the juvenile courts is not conviction or punishment for crime; but crime prevention and juvenile rehabilitation." *Conkling v. Commonwealth*, 45 Va. App. 518, 522 (2005) (alteration in original) (quoting *Kiracofe v. Commonwealth*, 198 Va. 833, 844 (1957)).

The JDR court in this case acted within its clear mandate to construe the law liberally and remedially when it used the September 2018 order to retain jurisdiction over Ritchie in order to "suspend, reduce, modify, or dismiss" the adjudication against him. Code § 16.1-242. By relieving Ritchie of the obligation to register as a sex offender "at this time," taking the registration requirement under advisement with an established continuance date, and by adding additional probation conditions, the September 2018 order modified and suspended a portion of Ritchie's sentence. We find that these actions show that the JDR court acted within its authority under Code § 16.1-242 and used the September 2018 order to retain jurisdiction over the matter as permitted by the Code. We do not find Ritchie's position at oral argument that Code § 16.1-242 must be directly cited in a juvenile and domestic relations district court's order to be persuasive. Indeed, there is no requirement in statute or in case law for such additional action to be taken, and we do not create such a requirement here. To do so would add words to Code § 16.1-242 that were not part of the General Assembly's legislative intent in creating the statute.[7]

---

[7] The primary objective of statutory construction is to determine legislative intent. *Melanson v. Commonwealth*, 261 Va. 178, 183 (2001); *Harward v. Commonwealth*, 229 Va. 363, 365 (1985). In determining that intent, words are to be given their ordinary meaning, unless it is apparent that the legislative intent is otherwise. *Lovisi v. Commonwealth*, 212 Va. 848, 850 (1972); *Spindel v. Jamison*, 199 Va. 954, 957 (1958); *see Meeks v. Commonwealth*, 274 Va. 798, 802 (2007). There are no words in Code § 16.1-242 that could reasonably be construed as requiring express citation of the statute.

The JDR court's actions should demonstrate, as it does in this case, that it is retaining jurisdiction.

Because the JDR court acted consistent with Code § 16.1-242 and retained jurisdiction of the matter by its actions in its September 2018 order, the subsequent September 20, 2019 order of the JDR court was not void *ab initio*.

## IV. CONCLUSION

We hold that the trial court did not err in determining that the September 20, 2019 order was not void *ab initio*. Consistent with its jurisdiction under Code § 16.1-242, the JDR court's September 2018 order temporarily modified and suspended the requirement that Ritchie register as a sex offender and retained jurisdiction for future resolution of that issue, which was ultimately resolved via the September 20, 2019 order. Accordingly, we affirm the trial court's decision that the September 2018 order was interlocutory in nature.

*Affirmed.*