COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, AtLee and Chaney
Argued at Norfolk, Virginia


SAMUEL ELLIS, JR.

v.     Record No. 0818-21-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RICHARD Y. ATLEE, JR.
JULY 19, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Gary A. Mills, Judge

Daniel B. Winegard, Assistant Public Defender, for appellant.

Tanner M. Russo, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appellant Samuel Ellis, Jr. appeals his conviction for driving while his license was

suspended due to no insurance, in violation of Code § 46.2-302. On appeal, he argues that his

conviction should be vacated because the original charging document, a Virginia Uniform

Summons, "was void and could not be amended." For the following reasons, we disagree and

affirm his conviction.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Green v.*

*Commonwealth*, 72 Va. App. 193, 197 n.1 (2020) (quoting *Gerald v. Commonwealth*, 295 Va.

469, 472 (2018)).

On November 1, 2019, a law enforcement officer issued Ellis a Virginia Uniform

Summons, which charged Ellis with "Driving Suspended DUI Related" in violation of "[Virginia

Code §] 18.2-272 ([Newport News Ordinance §] 26-8)." On the summons, the officer checked the "city" box, indicating Ellis was charged with a city offense.

On February 27, 2020, the general district court convicted Ellis of driving on a suspended license, DUI related. The general district court imposed a $500 fine, with $250 suspended, and it sentenced him to 365 days in jail, with 345 days suspended for a period of one year. As is customary, the general district court's conviction order was written on the left and bottom portions of the summons.

Ellis appealed his conviction to the circuit court. On July 7, 2021, Ellis entered into a written plea agreement. The plea agreement stated that Ellis was charged with "one count of Driving under Suspension: Failure to Maintain Insurance, a Misdemeanor, in violation of § 46.2-302 of the Code of Virginia." Under the agreement, Ellis pleaded guilty to the charge, and the Commonwealth agreed that the proper disposition was 180 days of confinement with all 180 days suspended for one year, conditioned on Ellis's good behavior and payment of court costs.

That same day, the circuit court issued an order accepting and giving effect to the plea agreement. The circuit court's order reflected that Ellis had initially been charged with driving on a suspended license, DUI related, and that he was pleading "[g]uilty to [an a]mended [c]harge" under Code § 46.2-302, for driving on a suspended license, insurance related. The circuit court accepted the plea agreement and imposed the sentence agreed to by the parties.

On August 4, 2021, Ellis filed a motion to vacate his conviction. He argued that the summons was void *ab initio* because Newport News Ordinance § 26-8 does not incorporate Title 18.2 of the Virginia Code, meaning that the summons failed to state an offense. He also argued that his conviction in the circuit court for violating Code § 46.2-302 was void *ab initio* because

the circuit court was without power to amend a void charging document. The circuit court

denied his motion, and this appeal followed.

## II. ANALYSIS

### A. A summons cannot be void *ab initio* because it is not an act of a court.

Ellis argues that his conviction is void *ab initio* because it is based on a summons that is

itself void *ab initio*. Ellis's argument makes at least one crucial mistake—the summons is not an

act of the court and thus cannot be void *ab initio*.

The Constitution of Virginia sets out the general powers of the judiciary, and the

Constitution grants power to the General Assembly, subject to certain limitations, to determine

the jurisdiction of the courts of the Commonwealth. *Kelley v. Stamos*, 285 Va. 68, 75 (2013).

The term void *ab initio* applies when a court acts outside of such jurisdiction or authority. *Id.*

Thus, a court's action is void *ab initio* if

> entered by a court in the absence of jurisdiction of the subject
> matter or over the parties, if the character of the order is such that
> the court had no power to render it, or if the mode of procedure
> used by the court was one that the court "could not lawfully
> adopt."

*Id.* (quoting *Singh v. Mooney*, 261 Va. 48, 51-52 (2001)). This applies to any act of a court,

including orders, judgments, and sentences. *See, e.g.*, *Amin v. Cnty. of Henrico*, 63 Va. App.

203, 210 (2014) (holding that a conviction order was void *ab initio* because it was based on "an

offense that did not exist"); *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009) (holding that a

sentence in excess of statutory limits was void *ab initio* because it was outside the court's

power); *Collins v. Shepherd*, 274 Va. 390, 402-03 (2007) (holding that a dismissal order was

*void ab initio* because the circuit court utilized a mode of procedure it could not lawfully adopt).

The summons at issue here was issued by a law enforcement officer—not a court.[1] Therefore, it cannot be void *ab initio* because it is not an act of the court, and Ellis's argument that the summons was void and could not be amended fails.

B.  The summons was not so defective as to render the final judgment void *ab initio*.

While a summons cannot be void *ab initio*, a charging document can be so defective as to violate the Constitution, in which case the *final judgment* will be void.  *Reed v. Commonwealth*, 281 Va. 471, 481 (2011).  Although Ellis alleges in his assignment of error that the summons was "void," even if we were to construe his argument more broadly to include an argument that the summons was defective, his argument is still without merit.

Code § 19.2-227 provides that, "Judgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution."  To avoid constitutional defectiveness, a charging document must give an accused "notice of the nature and character of the accusations against him so that he can prepare an adequate defense."  *Reed*, 281 Va. at 481.  Where the error is a misrecital of applicable statutes or ordinances, the charging

---

[1] We recognize that the general district court convicted Ellis of the charge stated in the summons, which is an act of the court.  But a defendant may appeal a general district court conviction "to the circuit court for a trial *de novo*."  *Turner v. Commonwealth*, 49 Va. App. 381, 385 (2007) (quoting *Kenyon v. Commonwealth*, 37 Va. App. 668, 673 (2002)).  "[T]hese *de novo* appeals actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court."  *Wright v. Commonwealth*, 52 Va. App. 690, 706 n.9 (2008) (*en banc*); *see also Corbin v. Commonwealth*, 44 Va. App. 196, 208 (2004) ("[B]ecause the appeal of a conviction from the general district court to circuit court results in a trial *de novo*, perfecting the appeal in the district court renders the judgment a nullity.").

Moreover, "[w]e are a court of limited jurisdiction."  *Wright*, 52 Va. App. at 707 n.10.  We have statutory authority to "hear appeals arising from final orders of conviction entered in the *circuit* courts—not orders of the district courts."  *Id.*; *see also* Code § 17.1-406(A) ("Any aggrieved party may present a petition for appeal to the Court of Appeals from (i) any final conviction in a circuit court of a traffic infraction or a crime . . . ." (quoting version in effect at the time of the offense)).  The conviction order entered by the district court was annulled when proceedings began in the circuit court, and it is not before us now.

- 4 -

document is nevertheless valid if it puts the accused on notice of the "gravamen of the crime"

charged.  *Williams v. City of Petersburg*, 216 Va. 297, 302 (1975).

>    1.  The summons simply misrecited the applicable local ordinance provision.

The summons incorrectly cites Ordinance § 26-8 as the local ordinance incorporating

Code § 18.2-272.  Although the summons cited the wrong ordinance number, § 26-8, there is a

Newport News Ordinance, § 26-72,[2] that legally incorporates Code § 18.2-272, meaning the city

had the legal authority to charge Ellis under its existing ordinances.  Both the Supreme Court and

this Court have consistently held that a misrecital of a code provision in a charging document

does not necessarily invalidate a conviction.  *See, e.g.*, *Williams*, 216 Va. at 302 (affirming a

conviction that referenced an incorrect statute); *Williams v. Commonwealth*, 5 Va. App. 514,

516-17 (1988) (affirming a conviction where the summons referenced a non-existent code

subsection).

Rather than recognizing that the summons merely misrecited the applicable provision,

Ellis contends that this case is similar to *Amin*, 63 Va. App. 203, where this Court held that a

conviction was void *ab initio* because it was based on a summons that recited an offense that did

not exist.  In *Amin*, the summons charged the defendant with "Henrico County Ordinance 22-2

incorporating Virginia Code Section 18.2-308," and the circuit court convicted him of that

---

[2] Ordinance § 26-72 provides:

> Article 2 (Section 18.2-266 et seq.) of Chapter 7 of Title 18.2,
> Code of Virginia, as amended and as they shall be amended in the
> future, except those provisions and requirements the violation of
> which constitute a felony, and except those provisions and
> requirements which, by their very nature, can have no application
> to or within the city, is hereby adopted and made a part of this
> chapter as fully as though set out at length herein.  It shall be
> unlawful for any person within the city to violate or fail, neglect or
> refuse to comply with any section of the Code of Virginia as
> adopted in this section.

charge. *Id.* at 207. Henrico County Ordinance § 22-2 incorporated Title 18.2, Chapter 7, Article 2 of the Code of Virginia, but it did not incorporate Article 7, in which the charged offense, Code § 18.2-308, was located. *Id.* at 208. Not only did Ordinance § 22-2 fail to incorporate Code § 18.2-308, but no other Henrico County ordinance incorporated that provision. Indeed, no ordinance could have done so because the General Assembly had not authorized the county to incorporate that provision. *Id.* Consequently, this Court reversed the conviction as void *ab initio* because the circuit court did not have the power to convict the defendant of "an offense that did not exist." *Id.* at 210.

But *Amin* is inapplicable to the facts here. The local ordinance at issue in *Amin* did not incorporate the state code provision—and legally, neither it nor any other ordinance could have done so because the locality did not have the authority. *Id.* at 209. In this case, however, the city was authorized to incorporate Code § 18.2-272 into its local ordinances, Code § 46.2-1313, and it in fact did so in Newport News Ordinance § 26-72.[3] Therefore, unlike in *Amin*, the summons here did not charge Ellis with an offense that does not exist.

This case is more akin to *Williams*, 216 Va. 297. In that case, a warrant charged the defendant with refusing to take a breath test, but it incorrectly cited the statutory provision for preliminary field sobriety tests rather than the statutory provision for refusing a breath test. *Id.* at 301-02. Despite the misrecital of the statutory provision, the Supreme Court concluded that the description of the offense otherwise set out the "gravamen" of the offense; thus, "the misrecital

---

[3] Furthermore, the Court in *Amin* vacated the conviction because the defendant was *convicted* of the non-existent offense, not because the summons itself was void. *Amin*, 63 Va. App. at 210. Even assuming that the offense charged in the summons here "did not exist," Ellis was not convicted of the offense charged in the summons. The circuit court here amended the charge to a valid offense—in accordance with the plea agreement to which Ellis knowingly and voluntarily entered. Thus, unlike the conviction order in *Amin*, the conviction order in this case was not a conviction for an offense that did not exist, and the circuit court was not without power to convict Ellis of an offense under Code § 46.2-302.

[did] not invalidate the conviction." *Id.* at 302. Here, like in *Williams*, the summons provided Ellis with the gravamen of the offense charged by describing the charge as "Driving Suspended DUI Related" and referencing Code § 18.2-272. Therefore, the mere misrecital of Ordinance § 26-8, rather than Ordinance § 26-72, does not invalidate the conviction.

    2. The summons provided Ellis adequate notice of the gravamen of the offense.

"Gravamen" means the "substantial point or essence" of the crime. *Gravamen*, *Black's Law Dictionary* (10th ed. 2014); *see also Groffel v. Commonwealth*, 70 Va. App. 681, 689 (2019) (describing "gravamen" as the "essence" of the crime).

Here, the summons plainly and clearly described the offense as "Driving Suspended DUI related." *See Lankford v. Commonwealth*, No. 0883-92-4 (Va. Ct. App. Feb. 22, 1994) (finding "driving under revocation/suspension" sufficient to provide notice of the offense).[4] The summons also expressly referenced Code § 18.2-272, the state provision that prohibits driving with a suspended driver's license, rather than some other possible driving-related suspension as suggested by the dissent.[5] The dissent also contends that this description is insufficient because the description could be interpreted in more than one way, including a different DUI-related offense under Code § 18.2-272.[6] But the charging document is required to give notice of the

---

[4] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Mitchell v. Commonwealth*, 73 Va. App. 234, 248 n.9 (2021) (quoting *Blowe v. Commonwealth*, 72 Va. App. 457, 468 n.10 (2020)).

[5] The entirety of the description of the offense is set out in Code § 18.2-272. The local ordinance does not contain any further description of the offense. The sole purpose of the local ordinance is to incorporate the fully described state offense into the local code. Thus, the absence of the correct incorporating provision does not detract from, and its presence could not add to, whether the summons states the "nature and character of the offense."

[6] Additionally, while a charging document *may* list the particular subsection of a statute under which the Commonwealth intends to proceed, it is not *required*. *Mueller v. Commonwealth*, 15 Va. App. 649, 652-53 (1993) (holding that an indictment supported a

- 7 -

"nature and character," or gravamen, of the crime charged—not necessarily every particular. *Williams*, 5 Va. App. at 516; *Williams*, 216 Va. at 302. Even if the summons had cited the correct ordinance (§ 26-72), which would be an unquestionably valid charging document, it still would not provide the particulars that the dissent contends are necessary.

An incorrect code or ordinance citation will not render a summons invalid "when the defendant plainly had notice of the true nature of the charge against him or her." *Flaherty v. Commonwealth*, 14 Va. App. 148, 152 (1992). Ellis "does not contend that he did not know the nature of the charge against him or that he did not have an opportunity to defend against that charge." *Williams*, 5 Va. App. at 517. Ellis was able to mount a defense to the crime charged and was able to negotiate a plea agreement that resulted in a conviction for a lesser offense. He had ample notice of the crime with which he was charged. Because Ellis had sufficient notice of the gravamen of the offense, the misrecital of the ordinance number did not render the summons "so defective as to be in violation of the Constitution." Code § 19.2-227. Accordingly, the conviction is not void.

III. CONCLUSION

Because the summons was an act of a law enforcement officer and not the act of a court, it cannot be void *ab initio*. The summons gave Ellis notice of the gravamen of the offense and thus it was not fatally defective. As such, the circuit court did not err by amending the charged

---

conviction under either subsection where the indictment cited the code section without reference to a particular subsection and the language of the charge description did not narrow the offense).

Furthermore, Ellis, who can be assumed to have knowledge of his own prior convictions, would not need further notice of the reason his license was suspended. The gravamen of the offense is that he was driving after his license was suspended related to a prior conviction for driving under the influence, and the description of that charge in the summons, along with the inclusion of the relevant code provision, is adequate to give him sufficient notice.

offense and convicting Ellis of driving with a suspended license, insurance related, under Code § 46.2-302.  The decision of the circuit court is affirmed.

*Affirmed.*

Chaney, J., dissenting.

Because the circuit court never acquired jurisdiction to try and convict Mr. Ellis, the circuit court's conviction order is void *ab initio*. Therefore, I respectfully dissent from the majority's decision affirming Mr. Ellis's conviction for misdemeanor driving on a suspended license without insurance, in violation of Code § 46.2-302.

I. THE CIRCUIT COURT'S JURISDICTION IS PREDICATED ON A VALID GDC CONVICTION ORDER.

The circuit court's jurisdiction in a *de novo* appeal in a criminal case is pursuant to Code § 16.1-132, which provides that "[a]ny person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from *such conviction*, and whether or not *such conviction* was upon a plea of guilty, to appeal to the circuit court." (Emphases added). Significantly, a conviction order that is void *ab initio* is "a complete nullity." *See Singh v. Mooney*, 261 Va. 48, 52 (2001). Thus, a void *ab initio* conviction order is no conviction at all. *See Gray v. Stuart*, 74 Va. 351, 358 (1880) ("[A] void judgment[ ] . . . is no judgment at all. It is a mere nullity."). Therefore, if the general district court's ("GDC") conviction order is void *ab initio*, an appeal therefrom could not confer jurisdiction on the circuit court to try and convict Ellis. Such a lack of jurisdiction here would render the circuit court's conviction order a nullity. *See Singh*, 261 Va. at 52.

The majority adopts the Commonwealth's position that it is irrelevant whether the GDC conviction order is void *ab initio* because (i) "*de novo* appeals [from GDC to circuit court] actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court," (quoting *Wright v. Commonwealth*, 52 Va. App. 690, 706 n.9 (2008) (*en banc*), and (ii) "because the appeal of a conviction from the general district court to circuit court results in a trial *de novo*, perfecting the appeal in the district court renders the judgment a nullity," (quoting *Corbin v. Commonwealth*, 44 Va. App. 196, 208 (2004)). The majority fails to

- 10 -

distinguish between the legal effect of a *de novo* appeal of a valid conviction order and the legal effect of an attempted *de novo* appeal of a conviction order that is void *ab initio*. A *de novo* appeal of a valid conviction order has the legal effect of vacating that conviction order, rendering it a nullity, but a void *ab initio* conviction order is a nullity that cannot be appealed.

## II. THE GDC CONVICTION ORDER WAS VOID *AB INITIO*.

Ellis contends that the original charging summons for violating City of Newport News Ordinance "18.2-272 (26-8) DRIVING SUSPENDED DUI RELATED" failed to state an offense. Ellis is correct. Therefore, the GDC order finding Ellis "guilty as charged" in the summons is void *ab initio*. *See Amin v. Cnty. of Henrico*, 63 Va. App. 203, 209 (2014).

### A. *Amin v. County of Henrico*

In *Amin*, this Court held that a conviction order is void *ab initio* where the charging document fails to charge an offense. *Amin*, 63 Va. App. at 209. As the Court explained in *Amin*, when the trial court entered an order that purported to convict the defendant of a non-offense, the court "exerted its power in a way not warranted by the law." *Id.* (citing *Anthony v. Kasey*, 83 Va. 338, 341 (1887)); *see also Burrell v. Commonwealth*, 283 Va. 474, 480 (2012) (holding that an order was void *ab initio* because "the character of the judgment was not such as the [C]ourt had the power to render" (quoting *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009) (alteration in original))).

The conviction order at issue in *Amin* stated that the trial court found the defendant "guilty of carrying a concealed weapon (Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-308), as charged in the summons." *Amin*, 63 Va. App. at 207. On appeal to this Court, the defendant argued that the purported conviction order was void *ab initio* because Henrico County Ordinance No. 22-2 did not incorporate Virginia Code § 18.2-308. *Id.* at 206.

As stated in *Amin*, at the time the defendant was charged with a violation of Henrico County

Ordinance No. 22-2, Ordinance No. 22-2 provided:

> Pursuant to the authority in Code of Virginia, § 46.2-1313,[7] all of the provisions and requirements of the laws of the state contained in Code of Virginia, title 46.2 (Code of Virginia, § 46.2-1-101 et seq.) and Code of Virginia, title 18.2, ch. 7, art. 2 (Code of Virginia, § 18.2-266 et seq.), and Code of Virginia, title 16.1, ch. 11, art. 9 (Code of Virginia, § 16.1-278 et seq.) except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which by their very nature can have no application to or within the county, are hereby adopted and incorporated in this chapter by reference and made applicable within the county.

*Id.* at 207-08 (citing Henrico County Ordinance No. 22-2). As this Court observed in *Amin*,

"Code § 18.2-308, which proscribes the act of carrying a concealed weapon, is located in Title

18.2, Chapter 7, Article 7 of the Code of Virginia. Ordinance 22-2 adopts and incorporates Title

18.2, Chapter 7, Article 2, but not Article 7." *Id.* at 208. Therefore, Henrico County Ordinance

No. 22-2 did not incorporate Virginia Code § 18.2-308.

After this Court found in *Amin* that Henrico County Ordinance No. 22-2 did not

incorporate Virginia Code § 18.2-308, the Court noted, "[f]urthermore, Code § 46.2-1313, which

is the legislative authority allowing Ordinance 22-2 to incorporate by reference certain Virginia

---

[7] This Court in *Amin* noted that Code § 46.2-1313 reads:

> Ordinances enacted by local authorities pursuant to this chapter may incorporate appropriate provisions of this title, of Article 9 (§ 16.1-278 et seq.) of Chapter 11 of Title 16.1, and of Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 into such ordinances by reference. Nothing contained in this title shall require the readoption of ordinances heretofore validly adopted. Local authorities may adopt ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law; provided that such local ordinances do not become effective before the effective date of the state law. The provisions of this section are declaratory of existing law.

*Amin*, 63 Va. App. at 207 n.2 (quoting Code § 46.2-1313).

- 12 -

Code sections, does not authorize incorporation by reference of Title 18.2, Chapter 7, Article 7." *Id.* Thus, "Ordinance 22-2 legally could not have validly incorporated Code § 18.2-308." *Id.*

This Court's finding in *Amin* that Henrico County Ordinance No. 22-2 could not have legally incorporated Code § 18.2-308 necessarily implied that there was no valid Henrico County ordinance that incorporated Code § 18.2-308. Therefore, it was not possible that the charging document merely misrecited the ordinance number of another valid Henrico County ordinance. Accordingly, this Court held in *Amin* that "the trial court did not have the power to convict [the defendant] of 'Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-308,' an offense that did not exist." *Id.* at 210.

One way to ascertain whether an alleged violation of a local ordinance charges a non-offense is to determine whether the General Assembly has authorized the incorporation of the state code provision that is purportedly incorporated in the local ordinance. If the General Assembly did not authorize the incorporation of a particular state code provision, then such lack of authorization is a sufficient basis for concluding that a conviction for violating the stated local ordinance "incorporating" that state code provision is a non-offense. However, even if the General Assembly had authorized local authorities to incorporate Code § 18.2-308 into local ordinances, the fact that the Henrico County Code of Ordinances *did not* incorporate Code § 18.2-308 would render "carrying a concealed weapon (Henrico County Ordinance 22-2 incorporating Virginia Code Section 18.2-308)" a non-offense. *See Mitchell v. Hanover Cnty*., 1 Va. App. 486, 489 (1986) ("Having found that Virginia Code § 18.2-266 et seq. was not incorporated into the Hanover County Code at the time of Mitchell's arrest [for driving under the influence of alcohol], we must conclude that County Code § 15-2, at that time, did not state an offense."). Therefore, the lack of legislative authorization to incorporate a particular state code

- 13 -

provision is sufficient—but not necessary—for a violation of a local ordinance "incorporating" that state code provision to be a non-offense.

## B. The GDC Conviction Order

Ellis's GDC conviction for violating Newport News City Ordinance "18.2-272 (26-8) DRIVING SUSPENDED DUI RELATED" is a conviction for a non-offense because (1) Newport News City Ordinance No. 26-8 does not incorporate Virginia Code § 18.2-272 and (2) the description of the offense in the charging summons is not sufficient to charge an offense under another valid Newport News City ordinance.

### 1. Ordinance No. 26-8 does not incorporate Virginia Code § 18.2-272.

Newport News City Ordinance No. 26-8, in relevant part, provides:

> (a) Pursuant to the authority of Sections 46.2-1313 and 1-220 of the Code of Virginia, all of the provisions and requirements of the laws of the state contained in Title 46.2 of the Code of Virginia, as amended, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which, by their very nature, can have no application to or within the city, are hereby adopted and incorporated in this chapter by reference and made applicable within the city. . . .

Virginia Code § 18.2-272 is not adopted and incorporated in Newport News City Ordinance No. 26-8, which adopts and incorporates only provisions of Title 46.2 of the Code of Virginia. *Id.*

### 2. The description of the offense in the charging summons is not sufficient to charge an offense under Newport News City Ordinance No. 26-72.

The Commonwealth argues that Ellis's GDC conviction order is not void because the City of Newport News not only legally could have incorporated Code § 18.2-272 into a city ordinance pursuant to Code § 46.2-1313, Newport News did incorporate Code § 18.2-272 into Newport News City Ordinance No. 26-72. Newport News City Ordinance No. 26-72 provides:

- 14 -

Article 2 (Section 18.2-266 *et seq.*) of Chapter 7 of Title 18.2, Code of Virginia, as amended and as they shall be amended in the future, except those provisions and requirements the violation of which constitute a felony, and except those provisions and requirements which, by their very nature, can have no application to or within the city, is hereby adopted and made a part of this chapter as fully as though set out at length herein. It shall be unlawful for any person within the city to violate or fail, neglect or refuse to comply with any section of the Code of Virginia as adopted in this section.

This ordinance adopts some of the provisions of Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2, including the non-felony offenses stated in Code § 18.2-272.

The Commonwealth argues that this Court should read the GDC conviction order as if it states a conviction for violating Newport News City Ordinance No. 26-72 rather than Ordinance No. 26-8. Although the evidence on appeal is viewed in the light most favorable to the Commonwealth, the party prevailing below, that favorable light does not make "26-8" appear as "26-72," and a violation of Ordinance No. 26-72 cannot be inferred from a violation of Ordinance No. 26-8.

When Ellis was convicted in the GDC for violating Newport News City Ordinance No. 26-8 purportedly incorporating Virginia Code § 18.2-272, Ellis was convicted of a non-offense—unless the description of the offense set out in the summons stated the gravamen of an offense under another valid Newport News City ordinance. *See Williams v. City of Petersburg*, 216 Va. 297, 301-02 (1975). In *Williams*, the Virginia Supreme Court affirmed a conviction even though the statutory reference on the warrant was incorrect because "the warrant specifically charged the defendant with refusing to take a 'breath test to determine probable alcoholic contents of his blood after having been arrested for driving under the influence of

alcoholic beverage(s) or other self-administered drugs.'  This is the gravamen of the crime set out in Code § 18.1-55.1."[8]  *Williams*, 216 Va. at 301-02.

In accordance with *Williams*, because Newport News City Ordinance No. 26-8 does not incorporate Code § 18.2-272, this Court must examine the description of the offense stated in the charging summons to determine whether the summons identifies the gravamen or essence of an offense under another valid Newport News City ordinance.  If the description of the offense stated in the summons—apart from the referenced ordinance and code sections—is insufficient to identify the gravamen of an offense, then the summons charging a violation of Newport News City Ordinance No. 26-8 incorporating Code § 18.2-272 fails to charge an offense.

Here, the only description of the offense on the charging summons is "driving suspended DUI related."  This description fails to identify the gravamen of an offense because the words "driving suspended DUI related" are susceptible of more than one interpretation.  The words "driving suspended" are insufficient to inform Ellis what is allegedly suspended.  Although Virginia police officers and legal practitioners may readily interpret the words "driving suspended" as elliptical for driving while one's privilege or license to drive is suspended or revoked, the phrase "driving suspended" could refer to other driving-related things that may be suspended, *e.g.*, vehicle registration or license plates.  S*ee* Code § 46.2-609.  The words "DUI related" modifying "driving suspended" may also be understood in more than one way.  The majority adopts one possible interpretation by construing "DUI related" as a reference to a prior DUI-related conviction.  Alternatively, driving suspended "DUI related" could reasonably be interpreted to mean driving suspended under the influence of alcohol.  *See, e.g.*, Code

---

[8] Former Code § 18.1-55.1 is the predecessor to Code § 18.2-268.3 which provides that "[i]t is unlawful for a person who is arrested for a violation of § 18.2-266 or 18.2-266.1 or subsection B of § 18.2-272 or of a similar ordinance to unreasonably refuse to have samples of his breath taken for chemical tests to determine the alcohol content of his blood."

§ 18.2-272(B). Because the words "driving suspended DUI related" are ambiguous and Newport News City Ordinance No. 26-8 does not incorporate Virginia Code § 18.2-272, the summons fails to clearly identify the gravamen of an offense. Therefore, the summons fails to charge an offense. Thus, it is error to read the reference to Newport News City Ordinance No. 26-8 in the GDC conviction order as a mere misrecital of Ordinance No. 26-72.

Because (i) Newport News City Ordinance No. 26-8 does not incorporate Virginia Code § 18.2-272 and (ii) the description of the offense in the charging summons is not sufficient to charge an offense under another valid Newport News City ordinance, Ellis's GDC conviction for "18.2-272 (26-8) DRIVING SUSPENDED DUI RELATED" is a void *ab initio* conviction for a non-offense.

### III. THE CIRCUIT COURT CONVICTION ORDER IS VOID *AB INITIO*.

The circuit court had jurisdiction to convict and sentence Ellis only if an appeal was taken from a conviction in the general district court, pursuant to Code § 16.1-132. Because the GDC conviction order was void *ab initio* and no conviction at all, no appeal could be taken therefrom. Thus, the circuit court did not acquire jurisdiction. Because the circuit court never acquired jurisdiction over Ellis's attempted appeal from the void *ab initio* GDC conviction order, the circuit court's conviction order is void *ab initio*.[9] Therefore, I would vacate the circuit court conviction order as void *ab initio* and I would remand the GDC conviction order with

---

[9] A void *ab initio* order can be challenged at any time. *Singh*, 261 Va. at 51. Therefore, Code § 19.2-227 does not bar reversal of Ellis's conviction. *See Epps v. Commonwealth*, 66 Va. App. 393, 398 n.3 (2016) ("While Code § 19.2-227 provides that '[j]udgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or other accusation, unless it be so defective as to be in violation of the Constitution,' this statute does not control because appellant's argument does challenge the jurisdiction of the court to conduct the trial."), *aff'd*, 293 Va. 403 (2017).

instructions to vacate the order as void *ab initio* and to dismiss the charging summons, which fails to state an offense.

For these reasons, I respectfully dissent.