COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Fulton and Friedman
Argued at Norfolk, Virginia


TYSHEEN DEVION PAYNE, S/K/A
   TYSHEEN DEVION LAQUAN PAYNE
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1282-21-1              JUDGE MARY BENNETT MALVEAUX
                                                         NOVEMBER 1, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
David F. Pugh, Judge Designate

(Joshua A. Goff; Goff Voltin, PLLC, on brief), for appellant.
Appellant submitting on brief.

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General; Mason D. Williams, Assistant Attorney General,
on brief), for appellee.


After a bench trial, the trial court acquitted Tysheen Devion Payne ("appellant") of

maliciously shooting into an occupied dwelling, in violation of Code § 18.2-279, but convicted him

of two counts of maliciously shooting into an occupied vehicle, in violation of Code § 18.2-154.[1]

Appellant contends that the evidence at trial was insufficient to support his convictions because the

Commonwealth failed to prove that he acted maliciously.  We disagree and affirm appellant's

convictions for maliciously shooting into an occupied vehicle.  However, the final sentencing order

entered November 22, 2021, erroneously states that appellant was convicted of maliciously shooting

into an occupied dwelling and purports to sentence him to eight years of incarceration with six years

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court also convicted appellant of three misdemeanors, which appellant does
not challenge on appeal.

suspended for that offense.  Thus, that portion of the order is void *ab initio* and we remand the case to the trial court to vacate this sentence.

## I.  BACKGROUND

The Commonwealth presented evidence regarding two unrelated shootings at appellant's bench trial.  The first shooting occurred on April 20, 2020, in a gas station parking lot and was the basis for the maliciously shooting into an occupied dwelling charge.  At the close of the Commonwealth's case, the trial court granted appellant's motion to strike the evidence of that offense and subsequently entered a judgment of acquittal.

The second shooting occurred on August 9, 2020, in a convenience store parking lot. Hampton Police Detective Carpenter, the lead investigator, reviewed the store's security video,[2] which showed a black Chrysler sedan enter the parking lot and park directly in front of the store. Detective Carpenter, who had previously interacted with appellant, saw appellant sitting in the Chrysler's front passenger seat.  An Infiniti sedan then entered the parking lot and parked several spaces away from the Chrysler.  After the driver of the Infiniti parked, appellant "immediately remove[d] an item from his lap and retrieve[d] a firearm."  Appellant then exited the Chrysler, and the driver of the Infiniti "immediately start[ed] backing out."  The Infiniti was in the parking spot for "less than two to three seconds" prior to backing out.  Appellant fired sixteen rounds at the Infiniti as it left the parking lot.  As appellant fired at the Infiniti, the car drove toward five vehicles waiting at a traffic light near the parking lot.

The windows of the Infiniti were up while it pulled out of the parking lot.  After the Infiniti left the parking lot, at least one person in that car shot out of the car's window.

---

[2] The video was not played at trial or introduced into evidence.

Danielle Merian and two of her children were in one of the cars waiting at the traffic light. Two bullets entered her car, shattering the front driver and passenger windows and covering her in glass.

The trial court denied appellant's motion to strike the evidence of the two charges of maliciously shooting into an occupied vehicle and convicted him of those offenses. The trial court explained that, regardless of appellant's motive, he intentionally fired the shots that entered Merian's vehicle. Appellant now appeals.

## II. ANALYSIS

Appellant contends that the trial evidence was insufficient to sustain his two convictions for maliciously firing into an occupied vehicle, asserting that even assuming he "fired the shots that struck Merian's vehicle, the Commonwealth's evidence did not exclude the reasonable theory of innocence that the shooting was done in self-defense or unlawfully, but not maliciously." We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might

differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). "Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v. Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)).

"Malice inheres in the 'doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.'" *Tizon v. Commonwealth*, 60 Va. App. 1, 11 (2012) (quoting *Dawkins v. Commonwealth*, 186 Va. 55, 61 (1947)). "Whether or not an accused acted with malice is generally a question of fact and may be proved by circumstantial evidence." *Palmer v. Commonwealth*, 71 Va. App. 225, 237 (2019) (quoting *Canipe v. Commonwealth*, 25 Va. App. 629, 642 (1997)). "[M]alice may be either express or implied by conduct." *Watson-Scott v. Commonwealth*, 298 Va. 251, 256 (2019) (quoting *Essex v. Commonwealth*, 228 Va. 273, 280 (1984)). Specifically, "[m]alice may be inferred from the deliberate use of a deadly weapon," *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000), or when the defendant "willfully or purposefully, rather than negligently, embarked upon a course of wrongful conduct likely to cause death or great bodily harm," *Watson-Scott*, 298 Va. at 257 (quoting *Essex*, 228 Va. at 280-81).

Viewed in the light most favorable to the Commonwealth, the evidence established that appellant intentionally and maliciously fired upon an occupied vehicle. Here, appellant exited his vehicle and fired his gun, a deadly weapon, toward the Infiniti as its driver sped away, and continued firing his gun into an intersection with cars waiting at the traffic light. Appellant fired a total of sixteen shots, two of which entered Merian's vehicle. Thus, a rational factfinder could

imply malice from appellant's use of a gun and his "willful[ ] [and] purposeful[ ] . . . course of wrongful conduct likely to cause death or great bodily harm." *Id.*[3]

Appellant suggests on appeal that he acted in self-defense. Self-defense is an affirmative defense, *see Hughes v. Commonwealth*, 39 Va. App. 448, 464 (2002), and appellant did not assert it in the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). Appellant does not invoke the good cause or ends-of-justice exceptions to Rule 5A:18, and the Court will not apply the exceptions *sua sponte*. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*). Accordingly, we do not consider appellant's argument that he fired the shots that entered Merian's car in self-defense.[4]

Although we affirm appellant's convictions for maliciously shooting into an occupied vehicle, we must remand the sentencing order for correction by the trial court. As the

---

[3] Additionally, a rational factfinder could also find malice through the doctrine of transferred intent. This doctrine applies when "the defendant completes his intended crime and, in doing so, injures an unintended victim." *Blow v. Commonwealth*, 52 Va. App. 533, 547 (2008). Taking the evidence in the light most favorable to the Commonwealth, a rational factfinder could conclude that appellant intentionally shot at an occupied vehicle, namely, the Infiniti. In shooting at the Infiniti, appellant shot into a different occupied vehicle. Even if appellant did not intend to shoot into Merian's vehicle, his malice in shooting at the Infiniti transferred to his act of shooting into her vehicle. *See id.*

[4] Even if appellant's claim of self-defense was not procedurally defaulted, Detective Carpenter testified that after the Infiniti entered the parking lot, appellant retrieved a firearm, exited the Chrysler, and began firing at the Infiniti as it fled the parking lot. Although someone in the Infiniti fired out the window of that car, Detective Carpenter only saw gunfire from the Infiniti after it left the parking lot.

Commonwealth candidly notes in its brief, the final sentencing order purports to sentence appellant for maliciously shooting into an occupied dwelling, even though the trial court acquitted him of that offense. Appellant did not challenge the validity of the sentencing order in the trial court and does not do so on appeal; however, "a sentence is 'void' . . . if 'the court rendering it' did not have 'the power to pronounce' it." *Jones v. Commonwealth*, 293 Va. 29, 49 (2017) (quoting *Royster v. Smith*, 195 Va. 228, 235 (1953)). "[A] challenge that an order is void ab initio . . . may be raised . . . in a valid direct or collateral proceeding where the voidness of the order is properly at issue." *Bonanno v. Quinn*, 299 Va. 722, 736-37 (2021).

"There is no inherent judicial power to fix terms of imprisonment." *Jones*, 293 Va. at 49. That power is conferred by statute. *Id.* Code § 19.2-295(A) permits a trial court to "ascertain the term of confinement in the state correctional facility or in jail . . . when a person is *convicted* of a criminal offense." (Emphasis added). Similarly, Code § 19.2-298 permits a court to impose sentence "[a]fter a finding of guilty." Here, there was no finding of guilt or conviction on the malicious shooting into an occupied dwelling charge. To the contrary, the trial court acquitted appellant of that offense. Thus, the trial court lacked the power to sentence appellant for it. The part of the final sentencing order imposing such a sentence therefore is void *ab initio*. *See Jones*, 293 Va. at 49 ("[W]hen a trial court imposes a sentence outside the range set by the legislature, the court's sentencing order—at least to that extent—is void ab initio because the court has no jurisdiction to do so."); *see also Amin v. Cnty. of Henrico*, 63 Va. App. 203, 210 (2014) (holding that a conviction order was void *ab initio* because it was based on "an offense that did not exist"). We remand the case to the trial court in order for it to vacate the sentence it imposed for the maliciously shooting into an occupied dwelling charge. *See Rawls v. Commonwealth*, 278 Va. 213, 221-22 (2009) (declining to order new sentencing hearings for convictions that had sentences within the statutorily prescribed ranges); *Graves v. Commonwealth*, 294 Va. 196, 208

n.6 (2017) (holding that when multiple sentences are contained in a sentencing order and only one sentence is deemed void *ab initio*, the remainder of the sentences continue to be valid).[5]

CONCLUSION

For the foregoing reasons, we affirm appellant's convictions for malicious shooting into an occupied vehicle. We vacate the portion of sentencing order related to the maliciously shooting into an occupied dwelling sentence.

*Affirmed in part,*
*vacated in part, and*
*remanded.*

---

[5] It is apparent from a review of the transcript of the sentencing hearing that the trial court intended that appellant serve a total active sentence of five years, and structured the sentences, including the erroneous one, such that appellant would serve a total of five years' active incarceration. On brief and at oral argument, the Commonwealth asked this Court to remand for resentencing on all of the remaining offenses "to ensure that [appellant] receives the court's intended sentence." However, due to our Supreme Court's prior decisions in *Rawls* and *Graves*, we must remand only to vacate the void sentence for the maliciously shooting into an occupied dwelling charge, as the other sentences were "within the statutorily prescribed ranges of punishment for those convictions." *Rawls*, 278 Va. at 222.